IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMME O | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION |
| | § | No. 4:17-cv-03877 |
| | § | |
| TEXAS A&M UNIVERSITY and | § | |
| TEXAS A&M SYSTEM | § | |
| | § | |
| Defendant. | § | |

United States Courts
Southern District of Texas
FILED

MAR 22 2018

David J. Bradley, Clerk of Court

---

**PLAINTIFF KAMME O's RESPONSE TO MOTION TO DISMISS:**

---

TO THE HONORABLE MAGISTRATE JUDGE NANCY K. JOHNSON:

1) Plaintiff Kamme O (KammeO) responds to the Defendants' MOTION TO DISMISS as best as she is able, given her current PRO SE status and the <u>emotional stress</u> involved of an ongoing situation (1992-2016) that seems to have no end of experiences and documentation.

2) Plaintiff has been subjected to an <u>excessive amount of bullying & retaliation,</u> both passive-aggressive and aggressive, since first meeting with then TAMU Environmental Health & Safety Director, CHRISTOPHER MEYER in **2007** about her concerns of discrimination by then EHS Manager, JAMES RAINER.
   a) PLAINTIFF would have gone to Human Resources sooner, but previous experiences **1996, 1999 and 2001** gave her the impression that it is <u>not safe</u> to go to Human Resources for anything.

3) **No discussion was ever arranged** between KammeO and JAMES RAINER, even after **2010**, when KammeO met with a different EHS Director, JOHN SALSMAN, (witnessed by CHRISTOPHER MEYER) about the <u>same issues with JAMES RAINER</u>.
   a) Or even after having met with <u>TAMU PPR Manager</u> Sheri Yetter **2014.**

4) After RICHARD FEGAN, (KammeO's supervisor 2010-2014), told KammeO, *"If he were her, he would find a job someplace else."* KammeO finally went to TAMU Policy & Practice Review 02-03-2014 as well as 02-06-2014 to meet with **TAMU PPR Manager, SHERI YETTER,** about the <u>same issues that had been happening</u> at TAMU EHS since KammeO had been <u>hired by JAMES RAINER</u>, September 27, 1999 – to inspect the <u>FEMALE Resident Hall rooms.</u>
   a) **1999-2016 NO MEETING or Conference between KammeO and JAMES RAINER was ever initiated.**

5) <u>PLAINTIFF never argued with JAMES RAINER (1999-2016), she rarely even saw him even though</u>
   a) **<u>PLAINTIFF worked for JAMES RAINER either directly or indirectly from 09-27-1999 until the EHS "Restructure" 05-01-2015; 15 years, 7 months and 4 days.</u>**

6) <u>PLAINTIFF feels like she has been asking not to be discriminated against for most of her life.</u>
   a) On a positive note, KammeO certainly has had practice explaining her self, but researching LAW and this Court Process situation feels overwhelming but **necessary**.

# I.
# **JURISDICTION AND VENUE**

7) The U. S. District Court for the Southern District of Texas has jurisdiction over

   a) this matter pursuant to 28 U. C. 1331 because the claims asserted in this Complaint arise under the Constitution and Laws of the United States, including discrimination and retaliation under Title VII of the Civil Rights Act of 1964 42 U. C. 2000e et seq. ;

   b) And discrimination and retaliation under the Age Discrimination in Employment Act, 28 U. C. 621 , et. seq.

   c) Add **Whistleblower** to this also, as the wrongful termination occurred on or about 47 workdays after the PLAINTIFF submitted a written Complaint to TAMU PPR about the eye-wash showers being YEARS BEHIND INSPECTION.

      i) **The MEN** that worked for the same supervisor, SWATI KALE, had not been suspended from using their vacation time.

   d) OSHA comes to campus by "INVITATION ONLY".

   e) Also, there's the situation about the **WORKERS COMP** having been **backdated** and then investigated because the

PLAINTIFF inquired about the situation. Only to have it eventually be <u>DENIED and then TAMU EHS started offering FMLA forms to sign.</u>

    i) Plaintiff is still in search of what to classify the WORKER'S COMP and FMLA situation as. (?)

    ii) **<u>WORKER'S COMP is a TEXAS A&M SYSTEM component.</u>**

f) There is also the issue about the <u>TEXAS STATE FIRE MARSHAL</u> ignoring the information supplied by the PLAINTIFF about the **FALSE DATES OF INSPECTION**.

    i) **Relevant to the wrongful termination and AGE & SEX discrimination.**

8) Venue is appropriate in this Court because a majority of the events giving rise to this Complaint occurred in <u>Brazos County, Texas</u>.

## II.
## <u>JURY DEMAND</u>

9) A jury trial has previously been demanded and FEE WAIVER APPROVED.

## III.
## <u>WAIVER OF SOVEREIGN IMMUNITY:</u>

10) PLAINTIFF pleads prima facie case of retaliation under the TCHRA. And therefore the IMMUNITY claim is null.

# IV.
# TCHRA:

11) The Texas Legislature enacted the TCHRA to address the specific evils of discrimination and retaliation in the workplace. *Chatha,* 381 S.W.3d at 504. Under the TCHRA, an employer commits an unlawful employment practice if it retaliates or discriminates against a person who, pursuant to the TCHRA,

(1)  opposes a discriminatory practice:
   a. **Plaintiff opposed many different discriminatory practices 1996-2016 at TAMU.**
(2)  makes or files a charge,
   a. **06-17-2015 TWCCRD Charge # 1A15782**
   b. **06-17-2015 EEOC Charge # 31C-2015-01426C**
(3)  files a complaint,
   a. **04-26-2015 Plaintiff submitted the first of many written complaints to TAMU Policy & Practice Review 2015-2016.**
(4)  or testifies, assists, or participates in any manner in an investigation, proceeding, or hearing. Tex. Lab. Code Ann. § 21.055.

    a. **Plaintiff met with TAMU HR PPR numerous dates, including, but not limited to:**

        i. February 3, 2014 – with Sheri Yetter, Manager of Policy & Practice Review

        ii. February 6, 2014 – with Sheri Yetter & Carmen Espitia, Employee Relations Administrator.

        iii. May 4, 2015 – with Sheri Yetter, Manager TAMU PPR

        iv. August 3, 2015 – with Don Cumby & Wanda _____ (?), TAMU HR PPR

        v. December 16, 2015 – with Don Cumby & Wanda _____(?), TAMU HR PPR

        vi. February 17, 2016 – EXIT INTERVIEW, with Don Cumby & Wanda ___(?),TAMU HR PPR

## V.
## PRIMA FACIE:

12) To make a prima facie showing of retaliation, a plaintiff must show that

   (1) She engaged in a protected activity:

      a. **06-17-2015 TWCCRD Charge #1A15782**

      b. **06-17-2015 EEOC Charge #31C-2015-01426C**

   (2) an adverse employment action occurred:

a. **iPad use & FIREHOUSE application** was chosen as the EHS inspection software 2012. **Eventually injuring PLAINTIFF'S neck.**

   i. 26.5' of scrolling

   ii. <u>**Application failed so often**</u> EHS used it to injure the PLAINTIFF physically and psychologically (stress) and to make it look like the PLAINTIFF was not performing inspections.

   iii. Issues with the application went un-edited 2012-2016, even though <u>**TAMU EHS knew of the FALSE INSPECTION DATE issue.**</u>

b. <u>**Use of vacation suspended without warning**</u> July 17, 2015 through November 13, 2015.

   i. The day after Plaintiff DECLINED to sign the first FMLA application offered by TAMU EHS.

   ii. Right after **TAMUS** denied WORKERS COMPENSATION.

c. <u>**Plaintiff was yelled at & threatened for over an hour by her supervisor SWATI KALE 11-20-2015**</u>, just days after submitting the written complaint to TAMU HR PPR about the EYE WASH SHOWER inspections being YEARS behind.

      i. **TAMU HR PPR <u>denied</u> PLAINTIFF'S written complaint about the verbal assault.**

  d. **Plaintiff was terminated by 4 people at once, after the EHS office was vacated of other employees 01-29-2016.**

## VI.
## PRIVATE CAUSE OF ACTION:

13) Texas State Fire Marshal failed to notify the PLAINTIFF about the findings of PLAINTIFF's notification of <u>FALSE INSPECTION DATES</u> by the **<u>younger male EHS inspector, who was mentored and favored by JAMES RAINER.</u>**

## VII.
## TAMU & TAMUS

14) TEXAS A&M UNIVERSITY, **<u>The Flagship Institution of Texas A&M System,</u>** concurrently discriminated, isolated, segregated and retaliated against the Plaintiff many times between 1995 and 2016; **ultimately terminating her employment during the EEOC investigation, January 29, 2016.**

15) <u>Texas A&M</u> **SYSTEM is who AUDITS** Texas A&M University's behavior.

(a) **TAMUS knew by AUDIT** that the PLAINTIFF had not been promoted since the 2007 meeting with EHS Director CHRISTOPHER MEYER.

16) Texas A&M **SYSTEM claims 26,000 faculty & staff.**

**17) TEXAS A&M SYSTEM, Board of Regents MET** (05-26-2016) after the PLAINTIFF was wrongfully terminated and voted to RESTRUCTURE HUMAN RESOURCES to be directly under the TEXAS A&M UNIVERSITY President.

A) While the PLAINTIFF was being bullied, harassed, discriminated against, both aggressively and passive-aggressively, TAMU HUMAN RESOURCES was located under the VP of FINANCE, just like the PLAINTIFF's department ENVIRONMENTAL HEALTH & SAFETY. = CONFLICT OF INTREST.

18) V.P. of Finance, JERRY STRAWSER approved all of the "NO VALID EVIDENCE" outcomes of the PLAINTIFF'S 2015-2016 written Complaints of Discrimination, Retaliation and Wrongful Termination. = CONFLICT OF INTEREST.

19) TAMU HUMAN RESOURCES "interviewed" Assistant Director BRAD URBANCZKY numerous times, right before the

PLAINTIFF's vacation suspension and the issuance of the "Corrective Action Document" for "being behind on inspections", when the PLAINTIFF barely crossed paths with him in 2015-2016.

20) The irony of this situation is HOW MUCH the PLAINTIFF knows what occurred within the 300 days and that she is PRO SE.

**21) The imaginary "IMMUNITY" is exactly why the PLAINTIFF was treated the way she was for 20+ years at TAMU.**

A. WHY have EEOC posters up for employees to see/read if each time the STATE claims "IMMUNITY"? Not to mention the little 7 day window to file a written Complaint with HR PPR and the form is not available online.

B. TAMU listened to the 11-20-2015 audio of SWATI KALE yelling at the Plaintiff for over an hour on January 4, 2016, BEFORE terminating her employment. And then **<u>FABRICATED and LIED in the witness statements to the EEOC about the PLAINTIFF.</u>**

C. There was plenty of <u>INTENTIONAL Infliction of Emotional Distress</u> by the Defendants.

23) <u>The original COMPLAINT 12-26-2017 lists 2 pages of DATES OF COMPLAINTS</u> submitted to Texas A&M University 2015-2016 documenting the behavior of the DEFENDANT(s). **There is plenty of evidence of everything that occurred given to and explained to the Defendants already** before it ever arrived to the U.S. Southern District Court of Texas, within the TAMU HR COMPLAINTS listed in the original Complaint to this Court.

## VIII.
## TEMPORAL PROXIMITY

22) SEE list of written TAMU COMPLAINTS included in the original STXCOURT Complaint.

23) PLAINTIFF will work on making the 1st AMENDED Complaint (if approved of by the Court) somehow easier to read. A lot happened to the PLAINTIFF during 2014-2016 by the actions and retaliatory behaviors of the DEFENDANTS.

# IX.
# DAMAGES

24) Plaintiff has suffered, suffers, and will suffer in the future humiliation, mental anxiety and stress, and other damages.

25) Accordingly, Plaintiff seeks all general, special, incidental and consequential damages.

# X.
# PRAYER

26) WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that on final trial, Plaintiff has judgment against Defendant for:

a. All damages to which Plaintiff may be entitled pursuant to this Complaint, or any amendment(s) thereto, including but not limited to back pay, front pay, statutory relief at law, equity and longevity pay.
c. Compensatory damages for pain and mental suffering;
d. Reasonable attorney's fees, with conditional awards in the event of appeal;

e. Pre-judgment interest at the highest rate permitted by law;

f. Post-judgment interest from the judgment until paid at the highest rate permitted by law;

g. Costs of court; and

h. Such other and further relief, at law or in equity, to which Plaintiff may be entitled, whether by this Complaint or by any amendment hereto.

Respectfully submitted,

_____
Kamme O
Pro Se PLAINTIFF
3503 Winding Road
Hearne, Texas 77859
AggieCarpenterMom@gmail.com
979-575-1091

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **PLAINTIFF KAMME O's RESPONSE TO MOTION TO DISMISS** has been served via USPS mail and via email, on this 20th day of March, 2018, to:

Yvonne D. Bennett
Texas Bar No. 24052183
Southern District No. 814600
Attorney-in-Charge
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Yvonne.bennett@texasattorneygeneral.gov

_____
Kamme O
AggieCarpenterMom@gmail.com
979-575-1091

KAMMEO
3903 WINDING RD.
HEARNE TX 77859

US DISTRICT CLERK
PO BOX 61010
HOUSTON TX 77208-1010

United States Courts
Southern District of Texas
FILED
MAR 22 2018
David J. Bradley, Clerk of Court



