IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KAMME O, § | |
|     *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION No. 4:17-cv-03877 |
| § | |
| TEXAS A&M UNIVERSITY, ET. AL., § | |
|     *Defendants* § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST
UNOPPOSED AMENDED COMPLAINT AND BRIEF IN SUPPORT**

TO THE HONORABLE MAGISTRATE JUDGE NANCY K. JOHNSON:

Defendants Texas A&M University ("TAMU") and The Texas A&M University System ("A&M System") file their Motion for Dismissal of Plaintiff's First Unopposed Amended Complaint ("Complaint"), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and respectfully request the Court to dismiss Plaintiff's claims in their entirety. In support of their Motion, Defendants respectfully show the Court the following.

### I.    NATURE AND STAGE OF PROCEEDING

Defendants TAMU and A&M System file this Motion to Dismiss pursuant to FRCP 8, 10, 12(b)(1), and 12(b)(6). Plaintiff's Complaint is presented in such a manner that Defendants should not reasonably be expected to respond to the claims as they are presently pled. Plaintiff's Complaint is vague, ambiguous and fails to set forth the elements for any specific cause of action. Plaintiff has failed to clearly plead sufficient facts or statements that allow the Defendants to accurately conclude (and ultimately respond to) what claims Plaintiff is attempting to bring.[1]

---

[1] Plaintiff's failure to comply with the pleading requirements of Federal Rules of Civil Procedure 8 and 10 is grounds for dismissal. *Gordon v. Green*, 602 F.2d 743 (5th Cir. 1979) (holding that in situations where the plaintiff's complaint does not comply with Rule 8's requirements for "a short and plain statement" of jurisdiction and claims

Despite the confusing nature of Plaintiff's Complaint, Defendants believe that, essentially, Plaintiff has brought barred ADEA, Title VII[2], and Title IX claims against these Defendants and other individuals.[3]

In her Original Complaint, Plaintiff erroneously sued TAMU and A&M System for alleged violations of the ADEA, Title VII, the Texas Penal Code, and A&M System Regulations. [DKT 1] Plaintiff amended her complaint after Defendants filed a motion to dismiss [DKT 17], however, Plaintiff fails to remedy the deficiencies present in her original complaint and has merely added erroneous claims for Title IX employment discrimination and Whistleblower violation, as well as named an additional 23 *individual* Defendants.[4]  *See* Complaint at pp.6-7. [DKT 23]

Plaintiff claims that Defendants discriminated against her because of her age and gender and ultimately terminated her employment in retaliation for some unspecified protected activity.[5] *See* Complaint at pp. 31-35. Plaintiff is seeking declaratory relief, money damages, and a written apology. *See* Complaint at p. 46 ¶ 1.

This Court lacks jurisdiction over Plaintiff's lawsuit and must dismiss Plaintiff's claims against these Defendants because they are barred and Plaintiff fails to state a viable claim for relief.

---

and averments that are "simple, concise, and direct" it is appropriate for the Court to dismiss a plaintiff's claims with leave to refile pleadings that comply with Rule 8.) *See also*, FED.R.CIV.P. 8(a) and e(1) and FED.R.CIV.P. 10(b).

[2] Although it appears that Plaintiff is abandoning the Title VII claims she made in her Original Complaint, she does list Title VII as a source of this Court's jurisdiction. *See* Complaint at p.2 ¶ 2. [DKT 23] Therefore, in an abundance of caution, Defendants include an argument and analysis for the dismissal of any Title VII claims Plaintiff may be making.

[3] Plaintiff has also added 23 individual Defendants in her Amended Complaint. *See* Complaint at pp.6-7. [DKT 23] Counsel for TAMU and A&M System does not represent those individual Defendants and counsel is not making an appearance or asserting any argument on behalf of those individual Defendants.

[4] Plaintiff also refers to the Family Medical Leave Act ("FMLA"), Whistleblower Act, and a personal injury without providing sufficient factual allegations to support such claims or to put Defendants on notice that she is making such claims.  *See* Complaint at pp. 26-29, and 31-33. [DKT 23]

[5] Plaintiff also claims violations of the Texas Penal Code Section 37.10 "Tampering with Governmental Records" and Texas A&M System Regulations 08.01.01 and 33.99.01.  *See* Complaint at p. 2.

Both TAMU and A&M System are Texas state agencies and are entitled to immunity under the Eleventh Amendment of the United States Constitution. Accordingly, and for the reasons stated below, this Court should grant Defendants' motion to dismiss and dismiss Plaintiff's claim with prejudice.

## II.     STATEMENT OF ISSUES

1. Plaintiff's ADEA claim must be dismissed for lack of subject matter jurisdiction because it is barred by Defendants' Eleventh Amendment Immunity.

2. To the extent Plaintiff is making a Whistleblower claim it must be dismissed for lack of subject matter jurisdiction because it is barred by Defendants' Eleventh Amendment Immunity.

3. Plaintiff's claims for employment discrimination under Title IX must be dismissed for lack of subject matter jurisdiction because such claims are preempted by Title VII.

4. To the extent Plaintiff is making a Title VII discrimination claim against A&M System, it must be dismissed because A&M System was not Plaintiff's employer as required under Title VII.

5. To the extent Plaintiff is making a Title VII discrimination claim, it must be dismissed because Plaintiff fails to state a claim for which relief can be granted as (1) she did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for most of the alleged discriminatory activity; and (2) the remaining activity was not adverse employment actions for purposes of Title VII. Additionally, Plaintiff cannot make a prima facie case of employment discrimination because she has not alleged that she was treated less favorably than a similarly situated male.

6. Plaintiff's retaliation claim must be dismissed because Plaintiff has not alleged sufficient facts to establish that she engaged in protected activity and that she was terminated because of any protected activity.

7. Plaintiff's claims for violations of the Texas Penal Code Section 37.10 "Tampering with Governmental Records" and Texas A&M System Regulations 08.01.01 and 33.99.01 must be dismissed because Plaintiff does not have a private cause of action for those alleged claims.

### III.     SUMMARY OF ARGUMENT

All of Plaintiff's claims must be dismissed because they are either jurisdictionally barred by Defendants' Eleventh Amendment Immunity or they are not valid claims for which relief can be granted. Plaintiff's ADEA claim and Whistleblower claim are barred because she cannot plead a valid waiver of Defendants' Immunity. Plaintiff's Title IX discrimination claim is barred because Title VII provides the exclusive remedy for employment discrimination claims. To the extent Plaintiff is making a retaliation claim under Title IX or Title VII, it fails because Plaintiff did not engage in any protected activity as defined by Title IX or Title VII nor can she show that her protected activity caused her termination. Additionally, Plaintiff's Title VII claims fail because A&M System was not Plaintiff's employer and Plaintiff cannot establish a prima facie case of discrimination or retaliation against TAMU. Lastly, Plaintiff does not have a private cause of action against these Defendants for the alleged violations of the Texas Penal Code Section 37-10 ("Tampering with Governmental Records") or the Texas A&M System Regulations 08.01.01 and 33.99.01.

### IV.     STATEMENT OF FACTS

Kamme O began working for TAMU as a Parking Services Officer and progressed through several positions ultimately becoming an Occupational Safety & Health Inspector III at the time of her termination from TAMU on January 29, 2016. *See* Complaint at pp.6-18. Kamme O was terminated for unacceptable work performance, including insubordination, yelling at her supervisor, and work product deficiencies. In her lawsuit, Kamme O alleges that Defendants discriminated against her because of her gender and her age. Kamme O also alleges that Defendants retaliated against her when it terminated her employment. *See* Complaint at pp. 19-35.

## V. STANDARD OF REVIEW FOR DISMISSAL UNDER 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of jurisdiction over the subject matter. A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter…is inflexible and without exception") (citation and internal quotation marks omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Ruling on a Rule 12(b)(1) motion to dismiss the court may consider: (1) the complaint standing alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint, the undisputed facts, and the court's resolution of disputed facts. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *See Taylor v. Texas Southern University*, Civil Action No. 4:12-CV-01975, 2013 WL 3157529 (S.D. TX June 20, 2013). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

## VI. STANDARD OF REVIEW FOR DISMISSAL UNDER RULE 12(b)(6)

Dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) when a party's complaint fails to state a claim upon which relief can be granted. When considering a motion to

dismiss under Rule 12(b)(6), the Court accepts all well-pled facts in the complaint as true and resolves doubts in the plaintiff's favor. *Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). Although the complaint need not contain detailed factual allegations, it must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must be such that they "raise a right to relief above the speculative level." *Id.*; *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) ("the complaint must contain either direct allegations on every material point necessary to sustain a recovery…or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial"). "The Court is not required to conjure up unpled allegations in order to save a complaint, and conclusory allegations or legal conclusions masquerading as factual contentions will not suffice." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (citations omitted).

Defendants recognize a split in the Fifth Circuit on whether failure to exhaust under Title VII raises jurisdictional concerns. *See Hinga v. MIC Group, LLC*, 2013 WL 2919543, *1 n.2 (S.D. Tex. Jun. 13) (Miller, J.) (citing *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006)). ("There is disagreement in this circuit on whether a Title VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction."). However, this Court determined that "the practical effect of dismissal with or without prejudice is the same because the plaintiff could not go back in time and file within the 90-day period." *Id.* (dismissing unexhausted claims under Fed. R. Civ. Pro. 12(b)(6)). Thus, should the Court determine that Kamme O's failure to exhaust her administrative

remedies does not raise a jurisdictional issue, this Court may dismiss Kamme O's Title VII claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

### VII. LEGAL ANALYSIS

#### A. Eleventh Amendment Immunity

The Eleventh Amendment prohibits federal courts from exercising jurisdiction over suits against non-consenting states. U.S. CONST. Amend. XI; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 53-55 (1996); *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). For Eleventh Amendment Immunity purposes a suit against a state agency is a suit against the state. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983). Accordingly, the Eleventh Amendment—unless validly abrogated by Congress—deprives a federal court of jurisdiction to even consider a suit against a state or one of its agencies. *Id.; see also Port Authority Trans-Hudson Corp. v. Feeney,* 495 U.S. 299, 305-06 (1990).

It is well settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst*, 465 U.S. at 100-102; *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Both TAMU and A&M System are state agencies and as such are protected from suit by Eleventh Amendment Immunity, unless waived. *Pennhurst,* 465 U.S. at 100; *see also Alcantara v. Univ. of Houston*, CV H-14-0463, 2016 WL 4040123, at *3 (S.D. Tex. July 28, 2016) (citing *Wetherbe v. Texas Tech Univ. Sys.*, 5:15-CV-119-Y, 2016 WL 1273471, at *3 (N.D. Tex. Mar. 31, 2016); *see also* TEX. EDUC. CODE ANN. § 86.01 *et seq*., (Vernon 1996). Texas law has long recognized that state universities are agencies of the State and enjoy sovereign immunity. See *Vogt v. Bd. of Comm'rs*, 294 F.3d 684, 688-89 (5th Cir. 2002); *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) ("Absent waiver, neither a State nor

agencies acting under its control may be subject to suit in federal court."); *Hencerling v. Texas A&M Univ.*, 986 S.W.2d 373, 374 (Tex.App.—Houston [1 Dist.] 1999, rev. denied) citing *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex. 1976); see also *Duncan v. Univ. of Tex. Health Science Center at Houston*, 469 Fed. Appx. 364, 366 (5th Cir. 2012) ("[a]s a public university, UT Health enjoys the state's sovereign immunity").

### B. Kamme O's ADEA Claim is Barred by Defendants' Eleventh Amendment Immunity

This Court must dismiss Plaintiff's ADEA claim because it is barred by the Eleventh Amendment. The Supreme Court has held that, although Congress intended to abrogate the states' immunity under the ADEA, abrogation exceeded Congress's authority under the Fourteenth Amendment, and as such, Congress did not validly abrogate the states' Eleventh Amendment to suit by private individuals under the ADEA. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 92, 120 S.Ct. 631, 650 (2000); *Sullivan v. University of Texas Health Science Center at Houston Dental Branch, et al.*, 217 Fed. Appx. 391, 395 (5th Cir. 2007). Here, Plaintiff has alleged that Defendants violated the ADEA by intentionally discriminating against her because of her age. *See* Complaint at p. 28 ¶ 11. As agencies of the State of Texas, TAMU and A&M System have Eleventh Amendment immunity from such lawsuits according to *Kimel*, and Plaintiff's discrimination claim is clearly barred. Because Plaintiff's claim is legally barred, she can prove no set of facts that would entitle her to relief under the ADEA. Accordingly, this Court must dismiss Kamme O's claim for age discrimination brought pursuant to the ADEA.

### C. Kamme O's Whistleblower Claim Is Barred by Defendants Eleventh Amendment Immunity.

This Court must dismiss Plaintiff's Whistleblower claim because it is barred.

Although Texas has waived its sovereign immunity to be sued in state court for violations of the Whistleblower statute.[6], the waiver of a states sovereign immunity in its own courts is not a waiver of immunity in federal courts. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 (1985); *Perez v. Region 20 Educ. Service Center,* 307 F.3d 318 (5th Cir. 2002). The Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court. *Pennhurst*, 465 U.S. at 120. And the supplemental jurisdiction statute, which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity. *Raygor v. Regents of the University of Minn*. 534 U.S. 533, 541-42 (2002); *Hernandez v. Tex. Dept. of Human Servs*., 91 Fed.Appx. 934, 935 (5th Cir. 2004)(per curiam)(citations omitted). Thus, district courts are barred from exercising jurisdiction over Whistleblower claims, such as Plaintiff's. *See, e.g*., *Bonillas v. Harlandale Independent School District*, 832 F. Supp. 2d 729, 735-736 (W.D. Tex. 2011) (citing *Perez*, 307 F.3d at 333); *see also Martinez v. Texas Dept. of Criminal Justice*, 300 F.3d 567, 575-76 (5th Cir. 2002)("Neither the waiver or venue provisions of the act contain an unequivocal expression or an overwhelming implication that Texas intended to waive its Eleventh Amendment immunity in the federal courts with regard to state whistleblower claims.") *Id*. at 575.

### D. Kamme O's Employment Discrimination Claims Brought Under Title IX are Barred by the *Lakoski* Preemption.[7]

Kamme O's Title IX claim must be dismissed because she has no private right of action for employment discrimination under Title IX. *See Scott v. Grand Prairie*, 3:11-CV-2094-G, 2012 WL 1361621 at *3 (N.D. Tex. April 19, 2012)(citing *Lowrey V. Tex. A&M Univ. Sys*., 117 F.3d 242, 247 (5th Cir. 1997)). The Fifth Circuit held categorically in *Lakoski v. James* that Title VII

---

[6] See TEX. GOV'T. CODE 554.0035.

[7] Rule 12(b)(6) provides the proper procedural vehicle for analyzing a federal-preemption defense where, as here, the complaint itself establishes the applicability of the defense when analyzed under relevant case law. *Fisher v. Halliburton*, 667 F.3d 602, 608-9 (5th Cir. 2012).

9

provides the "exclusive remedy for individuals alleging employment discrimination on the basis of sex in federally funded education institutions." 66 F.3d 751, 753 (5th Cir. 1995). Permitting any private Title IX claim to proceed under such circumstances, the Fifth Circuit held, would "disrupt" Title VII's "carefully balanced remedial scheme for redressing employment discrimination." *Id*. at 754. The Fifth Circuit panel in *Lakoski* were "unwilling to do such violence to the congressionally mandated procedures of Title VII." *Id*.

Kamme O was an employee of TAMU and her claims arise out of her employment by TAMU. *See* Complaint at pp. 19-35. Kamme O's claims fall under Title VII because they are based on claims of gender discrimination and retaliation based on an alleged report of gender discrimination—all traditional Title VII claims.  Title VII, therefore, provides the exclusive remedy and *Lakoski* preemption applies to bar Kamme O's Title IX claims. *See Lakoski*, 66 F.3d at 753; *Lowery*, 117 F.3d at 247; *Scott v. Grand Prairie*, 3:11-CV-2094-G, 2012 WL 1361621 at *3 (N.D. Tex. April 19, 2012); and *Wooderts v. Dallas Indep. School Dist.*, No. 3-10-CV-0573-P, 2010 WL 2160144, *3 (N.D. Tex. May 3, 2010) (holding that plaintiff cannot sue for gender discrimination under Title IX), appx. 015-018.

### E.  Kamme O Fails to State a Claim for Title IX Retaliation.

To establish a prima facie case of unlawful retaliation under Title IX, a plaintiff must show that: (1) she engaged in a Title IX protected activity; (2) she suffered a material adverse action; and, (3) that a causal link exists between the protected activity and the adverse action. *Collins v. Jackson Pub., Sch. Dist.*, 609 Fed.Appx. 792, 795 (5th Cir. 2015). Kamme O did not engage in an activity protected by Title IX and cannot maintain a claim of retaliation under Title IX. *See Lowrey*, 117 F.3d at 247-48 (holding that the "anti-retaliation provisions of Title VII likewise provide the exclusive remedy for retaliation against employees of federally funded institutions

who raise allegations of employment discrimination"); *see also Cummings v. Tex. Southern Univ.*, No. H-10-1096, 2011 WL 1750697, *3 (S.D. Tex. May 6, 2011)(citing *Lowrey* and noting that plaintiff must show that he participated in an activity protected by Title IX), appx. 037-041. Kamme O did not engage in any activity protected by Title IX. Kamme O alleges that after she made a report in November 2015 she was terminated. *See* Complaint at pp. 31-35. Without providing factual allegations to support her claim, Plaintiff makes the conclusory statement that her termination was retaliatory. *See* Complaint at pp. 31-35. On pages 31-33 of her Complaint, Kamme O discusses a report she made in November 2015 about eye wash shower inspections. However, on page 34 she mentions an amended response to an EEOC charge. *See* Complaint at pp. 31-35. Neither alleged activity is protected activity under Title IX. To be clear, Kamme O has not provided any factual allegation that she participated in activity protected by Title IX. Further, Kamme O has not provided any factual support for her retaliation claim. *See* Complaint at pp. 31-35. Therefore, Kamme O's Title IX retaliation claim fails and must be dismissed. *Lowrey*, 117 F.3d at 248; *Collins*, 609 Fed.Appx. at 795; and *Twombly*, 550 U.S. at 555.

### F. Kamme O's Title VII Claims are Barred by A&M System's Eleventh Amendment Immunity.

Here, the Court must dismiss Kamme O's claims for lack of subject matter jurisdiction because they are barred by A&M System's Eleventh Amendment Immunity. Kamme O failed to allege sufficient facts to establish a valid claim under Title VII, therefore A&M System's Immunity is not waived and dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is the proper mechanism to dismiss Kamme O's Title VII claims. Title VII which provides a statutory waiver of immunity *if the aggrieved party has pled a valid claim under Title VII*. Title VII prohibits an *employer* from discriminating against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or

11

national origin. 42 U.S.C. § 2000e-2(a) (emphasis added). Kamme O cannot plead a valid Title VII claim against A&M System because A&M System was not Kamme O's employer. *See* Exhibit 1.

A&M System is a system of higher education and a state agency created by the Texas State Legislature. A&M System provides oversight and leadership for 11 universities, seven state agencies and a health science center and its role is governed by the Texas Education Code. *See* TEX. EDUC. CODE Title 3, Chap. 51, Sec. 51.353 and Chap. 85, Sec. 85.01, *et seq.*; *see also* TEX. GOV'T. CODE ANN. § 572.002(10)(B). Plaintiff's employer, TAMU, is an institution of higher education and is a separate entity from A&M System. *See* TEX. EDUC. CODE § 86.01, *et seq*. While institutions like TAMU operate under the A&M System Board of Regents, A&M System is considered a separate entity from its institutions. TEX. EDUC. CODE § 85.01, *et seq.*; § 86.01, *et seq.*; and §87.01, *et seq*. Accordingly, employment at an A&M System institution does not mean that the employee is employed by A&M System. *See Ridha v. Texas A & M Univ. Sys.*, CIV.A. 4:08-CV-2814, 2009 WL 1406355 (S.D. Tex. May 15, 2009). A&M System's oversight function does not entitle Plaintiff to sue A&M System under Title VII.

Per the statute, a defendant is an employer for purposes of Title VII if (1) it meets Title VII's statutory definition of "employer," i.e., "a person engaged in an industry affecting commerce who has fifteen or more employees ...". See 42 U.S.C. § 2000e(b); and (2) it has the requisite employment relationship with the Plaintiff. *See Ridha*, 2009 WL 1406355, at *4 (S.D. Tex. May 15, 2009). (dismissing Texas A&M University System from a Title VII action because Plaintiff failed to allege that Texas A&M University System exercised control over Plaintiff's employment (including hiring, firing, supervising, and setting the work schedule for the plaintiff); paying the Plaintiff's salary, withholding taxes, providing benefits, and setting terms and conditions of

employment). Here, Kamme O has not alleged any facts supporting her erroneous and conclusory allegation that A&M System was her employer at the time of the alleged discrimination and retaliation. *See* Complaint; *see also* Exhibit 1; *Noel v. Shell Oil Company*, 261 F.Supp.3d 752, 764-75 (S.D.Tex. 2017).

Because Kamme O cannot state a valid Title VII claim against A&M System—since A&M System was not Kamme O's employer—A&M System's Eleventh Amendment Immunity is not waived and this lawsuit is jurisdictionally barred and must be dismissed as to A&M System.

### G. Kamme O's Title VII discrimination claims must be dismissed because she fails to state a claim upon which relief can be granted.

Kamme O filed her lawsuit pursuant to Title VII which includes a limited statutory waiver of immunity. However, before a plaintiff may pursue a cause of action under Title VII, he must exhaust his administrative remedies. *Hall v. Cont'l Airlines, Inc.*, 252 F. App'x 650, 653 (5th Cir. 2007), *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002), *cert. denied*, 537 U.S. 1200 (2003); see also *Noel*, 261 F.Supp.3d at 766 (*citing Hernandez v. Metro. Transit Auth. Of Harris Cty.*, 673 Fed.Appx. 414, 416 n.1 (5th Cir. 2016). A court may entertain a Title VII lawsuit only if the aggrieved party has (1) exhausted his or her administrative remedies and (2) has filed suit within the time permitted after receiving a notice of a right to sue. *Id*. Exhaustion under Title VII occurs when an individual files a *timely* charge of discrimination with the EEOC, the charge is dismissed by the EEOC, and the EEOC informs the individual of the right to sue. *Hall*, 252 F. App'x at 653; *Taylor* 296 F.3d at 379; 42 U.S.C. § 2000e-5 (e) and (f). The Fifth Circuit has held that federal courts do not have jurisdiction to consider unexhausted Title VII claims. *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, *Tex.,* 40 F.3d 698, 711 (5th Cir. 1994) (citing *Tolbert v. United States*, 916 F.2d 245, 247-48 (5th Cir. 1990) (per curiam)).

An EEOC charge is timely if it was filed within 180 days after the occurrence of the alleged discriminatory practice unless the complainant has instituted proceedings with a state or local agency with the authority to grant the relief sought, under which circumstance the period for filing such a charge with the EEOC is extended to 300 days. *See Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009). A Texas plaintiff must file his EEOC charge within 300 days of learning of the alleged unlawful employment action. *See Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998). In this case, Kamme O alleges claims based on vaguely identified activity occurring over a 20-year period. *See* Complaint at pp.19-23. Most of the activity Kamme O cites occurred outside the limitations window set forth in Title VII and are not actionable.[8] *See* Complaint at pp.19-23 and DKT 6 at p.2, attached as Exhibit 2. Further, except for Kamme O's termination, the remaining activities of which she complains are not adverse employment actions under Title VII and cannot serve as a basis for her Title VII claim. *Noel*, 261 F.Supp.3d at 768.

To establish a prima facie case of discrimination under Title VII, a plaintiff must show: (1) she is within a protected class of people; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) other similarly situated persons outside her protected class were treated more favorably. *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004); *Noel*, 261 F.Supp.3d at 767. Here, Kamme O cannot meet the third and fourth prongs required to establish a prima facie case of discrimination. Looking just at the TAMU activity Kamme O seems to complain about that allegedly occurred within the limitations window set forth in Title VII, Kamme O did not suffer an adverse employment action for purposes of her Title VII discrimination claim. *See Noel*, 261 F.Supp.3d at 768 (*quoting McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007). "For Title VII discrimination claims, adverse employment actions include only

---

[8] *See* 42 § U.S.C. 2000e-5(e).

ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *See also, Scott*, 3:11-CV-2094-G, 2012 WL 1361621 at *4 (N.D. Tex. April 19, 2012). Additionally, Kamme O's claim fails because she did not allege that any similarly situated younger male was treated more favorably than she under nearly identical circumstances. *See* Complaint; *see also Noel*, 261 F.Supp.3d at 768-769.

Because Kamme O has not alleged sufficient facts to sustain a valid claim of discrimination under Title VII, that claim must be dismissed.

### H. Kamme O's Title VII Claim For Retaliation Must Be Dismissed Because Plaintiff Can Not Show That She Was Terminated Because She Made Discrimination Complaints.

Title VII prohibits retaliation against individuals who have opposed discriminatory employment practices or made charges of discrimination. *See* 42 U.S.C. § 2000e-3(a). To establish a claim for retaliation under Title VII, Plaintiff must show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal connection existed between the protected act and the adverse action. *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 331 (5th Cir. 2009). Kamme O cannot meet the first and third prongs because she has not alleged sufficient facts to support her conclusory opinion that she was fired in retaliation for complaining about discrimination. Specifically, Kamme O fails to identify the protected activity that allegedly caused her termination. Without providing any factual allegations to support her claim, Plaintiff merely states that her January 29, 2016 termination was retaliatory. *See* Complaint at pp. 31-35. On pages 31-33 of the Complaint, Kamme O discusses a report she made in November 2015 about eye wash shower inspections. However, on page 34 of her Complaint she mentions an Amended response (dated *after* her termination) to an EEOC charge. To be clear, Kamme O has not provided any factual allegation that she participated in activity protected by Title VII. Further, Kamme O

has not provided any factual support for her retaliation claim. *See* Complaint at pp. 31-35. Therefore, Kamme O's Title VII retaliation claim fails and must be dismissed. *Twombly*, 550 U.S. at 555; *Stewart*, 586 F.3d at 331; *Clark Cty. Sch. Dist.*, 532 U.S. 268, 273-274 (2001).

## VIII.   CONCLUSION AND PRAYER

For the reasons stated above, Defendants Texas A&M University and A&M System respectfully request that the Court grant their Motion to Dismiss Plaintiff's Amended Complaint and dismiss with prejudice all of Plaintiff's claims in their entirety.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil Litigation

ANGELA V. COLMENERO
Chief, General Litigation Division

/s/ *Yvonne D. Bennett*
**YVONNE D. BENNETT**
Texas Bar No. 24052183
Southern District No. 814600
Attorney-in-Charge
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-463-2120 and      Fax: 512-320-0667
Email: yvonne.bennett@oag.texas.gov

ATTORNEYS FOR DEFENDANTS
TEXAS A&M UNIVERSITY and
TEXAS A&M UNIVERSITY SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document has been served via PACER electronic notification and email on this 26th day of April 2018, on:

Kamme O
*Pro Se* Plaintiff
3503 Winding Road
Hearne, Texas 77859
Telephone: 979-575-1091
AggieCarpenterMom@gmail.com

                                             /s/ *Yvonne D. Bennett*
                                             YVONNE D. BENNETT
                                             Assistant Attorney General