United States District Court
Southern District of Texas
**ENTERED**
January 04, 2018
David J. Bradley, Clerk

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMME O, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO.17-3877 |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Pending before the court is Plaintiff's Request for Legal Representation (Doc. 2). The motion is **DENIED**.

Title VII provides for the appointment of counsel "in such circumstances as the court may deem just." Paskauskiene v. Alcor Petrolab, L.L.P., 527 F. App'x 329, 333 (5th Cir. 2013)(quoting 42 U.S.C. § 2000e-5(f)(1))(unpublished). However, there is no automatic right to the appointment of counsel in a civil case. In determining whether to appoint counsel, the court may consider the merits of the plaintiff's claims, the efforts taken by the plaintiff to obtain counsel and the plaintiff's financial ability to retain counsel. Gonzalez v. Carlin, 907 F.2d 573, 580 (5th Cir. 1990). The court may also take into account whether the plaintiff is capable of adequately presenting her case. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). The court is not required to appoint counsel unless the case presents exceptional circumstances. Branch, 686 F.2d at 266.

Plaintiff filed this Title VII action based on claims of

failures to promote, failures to train, relocation to an office without a window, change of job title and other perceived disparate treatment over a fifteen-year period. Although most of Plaintiff's complaints are outside the three-hundred-day limitations window,[1] Plaintiff's administrative complaint of discrimination focused on incidents occurring between April 21, 2015, and June 17, 2015. The allegedly discriminatory actions taken during that time frame were the lack of notice of her department's restructuring, the relocation of her desk to an interior office, the presence of a witness during her annual evaluation, portions of her annual evaluation with which she disagreed, the change of her job title, and the misstatement of her total years of service at Texas A&M University. On February 6, 2016, Plaintiff amended her administrative complaint to add a charge of gender discrimination and retaliation based on her termination. Based solely on the pleadings, the court cannot make an informed judgment on the merits of Plaintiff's claims.

Plaintiff has attached two letters from Lone Star Legal Aid rejecting her requests for representation. Plaintiff has received in forma pauperis status from the court. These facts suggest that Plaintiff took steps to secure counsel and lacks the financial ability to retain counsel.

However, while the court understands that this action is very important to Plaintiff, it finds that this case is not an

---

[1] See 42 U.S.C. § 2000e-5(e).

exceptional one warranting the appointment of counsel. Plaintiff has demonstrated that she is fully capable of presenting her case in written pleadings. On balance, the court finds it appropriate to deny Plaintiff's motion at this time.

**SIGNED** this 4th day of January, 2018.

_____
U.S. MAGISTRATE JUDGE