**Karli, Susan**

**From:** O, Kamme
**Sent:** Wednesday, April 08 2015 1 22 PM
**To:** Karli, Susan
**Subject:** RE: Contact at HR for workers compensation

Don Cumby phoned me back – They had it, but filed as "October" – I explained to him, like I attempted to explain to you, that I couldn't say exactly what DAY or when, that's it's been an on-going situation since early 2013. That Friday, 3/27/2015, while entering reports on that iPad Is when I finally could not stand looking down at it anymore. My neck and right ear have BEEN bothering me for quite some time. It's just gotten to the point the ache makes me nauseous.

Beginning 2012/2013 I've asked/explained to Richard Fegan, James Rainer, Christina Robertson and Dave Zeiger many different times that entering the reports on the iPad is tedious, time consuming, often fails to function/sync and is uncomfortable. "Why can't I use the desktop with the larger screen and real keyboard?" I just hadn't linked the ear/neck discomfort to the ergonomics of it until Friday – because I just could not KEEP looking down, so I was holding it up in the air in front of me.

For the longest time I have BEEN attempting to explain that the FireHouse application is not reliable or accurate and that the iPad is way more work than any inspection data situation previous here at EHS that I am aware of.
What I am told is basically, "it's been paid for" and "it's what we have to use". From beginning to use the iPad application in late 2012 until after Dave Zeiger was hired - and has worked on communicating with FireHouse to EDIT the application list of items, late 2014 early 2015 – there was literally 26.5 FEET of items to scroll through to enter one item. Early on if there was a change or edit to a report PDF, Richard Fegan would have me RE Enter the entire report. For Wisenbaker – that was 11 pages of notes, FOUR times

If I had thought that dealing with FireHouse & the iPad was going to create the hearing issue and neck pain that I have been having – I certainly would have complained MORE than the verbal & written As it has been, I'm just emotionally and physically tired of attempting to explain what I need to do the job proficiently, why and what is not working with the FireHouse application and the iPad, because the general reactions I receive have been excuses and invalidations. Only since Dave Zeiger arrived 9/2014 has the application actually been edited down to 48 items, from the original 108 items @ 26.5'.

I originally left the "date of injury" blank because I just couldn't say exactly what date my neck hurt or my ear did that mono/stereo thing? I explained this to Don Cumby and with my permission, he is going to change the "date of injury" to 3-27-2015 which is when the injury form was filled out. (I put the form in Dave Zeiger's mailbox after not seeing him Friday 3/27 – then he didn't find it, because his mailbox moved, until 3/31/2015 Tuesday, after I asked him if he had gotten it, because he hadn't said anything about it to Me?)

I went to the Chiropractor today (4 8 2015) – according to Cliff Walker, the bump I can press to switch the hearing on/off thing is the bone in my neck.
As far as your suggestion that it "could just be age" or "old horse related injury" – I haven't had any notable physical injury for almost a decade and the numbness in my face has always been towards the end of the day at EHS after sitting at my desk, pecking and scrolling on that FireHouse application via the iPad.

Sincerely,
Kamme O


Kamme O | Fire Inspector III
Environmental Health and Safety | Texas A&M University
ph: 979.862 4040 | fax: 979.845.1348 | kammeo@tamu.edu

1

Plaintiff's EXHIBIT 10

4:17-cv-03877

| | |
|---|---|
| **From:** | Ball, Kaye |
| **To:** | O, Kamme |
| **Subject:** | RE: S&W forms from 05-22-2015 |
| **Date:** | Thursday, May 28, 2015 1:48:31 PM |

4:17-cv-03877

Hi Ms. O,

I did receive the notes from Walker Chiropractic and I have requested the notes from the visit at Scott & White. I will let you know when I have received these and reviewed everything.

Thank you,
Kaye Ball


**Kaye Ball | Claims Adjuster**
Office of the Treasurer | Risk Management
kball@tamus.edu

1262 TAMU | College Station, TX  77840-7896
Tel.  979-458-6330 | Fax 979-458-6247 | www.tamus.edu

John B. Connally Building
301 Tarrow, 5th Floor
College Station, TX  77840-7896

THE TEXAS A&M UNIVERSITY SYSTEM



**From:** O, Kamme [mailto:kammeo@tamu.edu]
**Sent:** Thursday, May 28, 2015 12:50 PM
**To:** Ball, Kaye
**Cc:** 'hk-law@austin.rr.com'
**Subject:** S&W forms from 05-22-2015


Kay,
Here are copies of the doctor visit paperwork last Friday, 05-22-2015.
Walker Chiropractic should have sent you the medical records from my visits there by now?
Let me know if you haven't gotten that info yet.

Thank You,
KammeO




**Kamme O | Fire Inspector III**
Environmental Health and Safety | Texas A&M University
ph: 979.862.4040 | fax: 979.845.1348 | kammeo@tamu.edu

Plaintiff's EXHIBIT 10

4:17-cv-03877

**From:** O, Kamme [mailto:kammeo@tamu.edu]
**Sent:** Monday, June 22, 2015 9:48 AM
**To:** Ball, Kaye
**Cc:** 'hk-law@austin.rr.com'
**Subject:** RE: S&W forms from 05-22-2015

4:17-cv-03877

Haven't heard back from you..? Have been waiting to go to the doctor – until after you got back with me about this.

This situation reminds me of how Scott & White once sent me a letter denying the cost of the ambulance "based on the diagnosis". Then I had to write & complain – "Gee, so you are saying unless I can diagnose myself first or I'm DEAD don't call for an ambulance?" *They paid it, but I had to complain.

This First Report of Injury experience has been less than helpful to say the least. It's like, "Wanna be treated like a liar? Sign here. - We will ignore you promptly right after we check the DENY box."

Pain is an unseen type thing. I resent having to "SCREAM" or complain to be believed.
I wouldn't have filled out the form if my ear was not doing the ON/OFF thing due to the bone in my neck – and I know it's the ergonomics of that iPad & tediously slow FireHouse application because if I IGNORE that iPad and stay away from it – and go on VACATION instead – My neck stops aching & I can HEAR. As it has been, I'm behind on entering reports – but I FEEL better.

I'd still like to be able to HEAR without the bone in my neck pressing on my ear.
It would be a nice surprise if "the system" actually PRACTICED what it PREACHES = "We are here for you"???

Translates into, "We are here to invalidate & ignore you. Have a nice day."

First Susan Karli suggests it's MY AGE or an old injury and she "wasn't sure if she COULD submit the claim" – and then the only paperwork that arrives is "DENIED" – when there was NO investigation.

After that, I phone you & you tell me you will get back with me..????
So, did you get the rest of the paperwork from the chiropractor that I DID go to?
Are you just expecting me to disappear, because it seems that way to me on this end.
I'm not the type to rack up a bunch of bills & then argue over who pays what, but my hearing does turn on an off on the right & my neck still aches – I've just been avoiding what's uncomfortable to do. 26.5 FEET of scrolling thru an application, to insert anything into the form, since 2012 = iPad ergonomics FAIL.

Waiting to be approved,
Kamme O


**Kamme O** | Fire Inspector III
Environmental Health and Safety | Texas A&M University
ph: 979.862.4040 | fax: 979.845.1348 | kammeo@tamu.edu
-------------------------
www.tamu.edu

Plaintiff's EXHIBIT 10

4:17-cv-03877

| | |
|---|---|
| **From:** | Karli, Susan K |
| **To:** | O, Kamme |
| **Cc:** | Robertson, Christina E |
| **Subject:** | FMLA Packet |
| **Date:** | Tuesday, June 30, 2015 8:24:07 AM |
| **Attachments:** | image001.png |
| | FMLA - Employees Rights.pdf |
| | Kamme O - FMLA Cover Letter.pdf |
| | System Family Medical Leave.pdf |

4:17-cv-03877

After our discussion on Friday and falling back on the training of the information for FMLA I still feel I need to provide you with this packet so you have the benefit of what it offers. I have attached the packet. Please review the information. Included in the packet is the "Employees Condition / Physicians Certification". This form needs to be filled out by your physician and returned to me within 15 days.

Thank you,
Susan

**Susan Karli** | Business Administrator 1
_I'm an_ **HR Liaison**

Environmental Health and Safety | Texas A&M University
4472 TAMU | College Station, TX 77843-4472

ph: 979.862-8114 / fax: 979.845-1348 / susan.karli@tamu.edu
- - - - - - - - - - - - - - - - - - - - - - - -
**It's Time for Texas A&M**

Plaintiff's EXHIBIT 10

4:17-cv-03877

**From:** O, Kamme
**To:** "Ball, Kaye"
**Cc:** "hk-law@austin.rr.com"
**Subject:** RE: Right to Appeal
**Date:** Tuesday, July 14, 2015 1:18:25 PM

"It does not show a direct correlation" – based on what exactly?
I'm the one that knows WHEN & WHAT creates stress/pain in my neck, upper back & inner ear.
There's been no "investigation" of my work environment – that I am aware of. So, how could you possibly KNOW?
I phoned the number you supplied. Thank you. They'll do whatever it is that they do.

KammeO

**Kamme O | Fire Inspector III**
Environmental Health and Safety | Texas A&M University
ph: 979.862.4040 | fax: 979.845.1348 | kammeo@tamu.edu
------------------------
www.tamu.edu

**From:** Ball, Kaye [mailto:KBall@tamus.edu]
**Sent:** Tuesday, July 14, 2015 8:49 AM
**To:** O, Kamme
**Subject:** RE: Right to Appeal

Ms. O,

I have reviewed the medical notes that I received from Walker Chiropractic and the x-ray from Scott & White. It does not show a direct correlation between your work environment and the problems you are having with your neck and ear. Your claim is denied. If you would like to dispute this decision, you will need to contact The Texas Department of Insurance-Division of Workers' Compensation to request a Benefit Review Conference. The number is 1-800-252-7031. The Office of Injured Employee Council has an ombudsman that can assist you at no charge to you.

Thank you,
Kaye Ball

**Kaye Ball | Claims Adjuster**
Office of the Treasurer | Risk Management
kball@tamus.edu

1262 TAMU | College Station, TX 77840-7896
Tel. 979-458-6330 | Fax 979-458-6247 | www.tamus.edu

John B. Connally Building
301 Tarrow, 5th Floor
College Station, TX 77840-7896

THE TEXAS A&M UNIVERSITY SYSTEM

**From:** O, Kamme [mailto:kammeo@tamu.edu]
**Sent:** Monday, July 13, 2015 9:43 AM
**To:** Ball, Kaye
**Cc:** 'hk-law@austin.rr.com'
**Subject:** Right to Appeal

Good Morning Kay,
So what did ever happen after this email? My neck still aches and my ear still does that on & off thing.
Far as I know, no copy of the original document ever made it to EHS.
And the date on the form should have read 03-27-2015, = when I filled it out.

Seems like Susan Karli changed the date to suit HER speculation that "it's probably just age – or an old horse related injury" and that she knew it would get tossed out because of this 30 report thing:

> You have the responsibility to tell your employer if you have been injured at work while performing the duties of your job. You must tell your employer within 30 days of the date you were injured or first knew your injury or illness might be work-related.

I reported it as soon as I figured out WHAT was making my neck hurt – because I could not look at that iPad in my lap or on the desk anymore – and I only found out about the ear being neck related when I went to the chiropractor.

Plaintiff's EXHIBIT 10

4:17-cv-03877

And anytime I asked Susan Karli about what to do or how to know – She was basically, "I don't know".
She came into my office after my supervisor gave her the form I filled out and told me SHE didn't know if she could submit it as an injury or not?
The whole situation caught me off guard = You think you know someone until you find out that you don't.
Susan Karli has been grumpy – unhelpful and just completely different from who I thought she was ever since I submitted that injury report.

And recently, she called me into her office and "ever-so-sweetly" offered me FMLA. What is THAT about?
I just declined.
Then she emailed me all the FMLA info anyway. That's weird. What's the REAL reason for doing that?

March 27, 2015 IS exactly the date that I noticed the connection between my neck & that iPad, because I just couldn't MAKE myself do it without holding it UP above my shoulders. I've been avoiding it as much as possible.

The pain meds the S&W doctor gave me totally KNOCK ME OUT – even if I take a fourth of it. I'd really rather find another way to ease the neck stress, which is why I went to the chiropractor.
If I have to locate one that will accept the worker's comp situation – then I will, but I am waiting on you to do what it is that you do.

I'd appreciate it if you would take care of this – so I can take care of my neck.

Sincerely,
Kamme O


**Kamme O | Fire Inspector III**
Environmental Health and Safety | Texas A&M University
ph: 979.862.4040 | fax: 979.845.1348 | kammeo@tamu.edu
-------------------------
www.tamu.edu

| From: | Ball, Kaye |
|---|---|
| To: | O, Kamme |
| Subject: | RE: S&W forms from 05-22-2015 |
| Date: | Thursday, May 28, 2015 1:48:31 PM |

Hi Ms. O,

I did receive the notes from Walker Chiropractic and I have requested the notes from the visit at Scott & White – will let you know when I have received these and reviewed everything.

Thank you,
Kaye Ball

**Kaye Ball | Claims Adjuster**
Office of the Treasurer | Risk Management
kball@tamus.edu

1262 TAMU | College Station, TX 77840-7896
Tel. 979-458-6330 | Fax 979-458-6247 | www.tamus.edu

John B. Connally Building
301 Tarrow, 5th Floor
College Station, TX 77840-7896

THE TEXAS A&M UNIVERSITY SYSTEM

Plaintiff's EXHIBIT 10
4:17-cv-03877

4:17-cv-03877

July 23, 2015

Kamme O
PO Box #1231
College Station, TX 77841-1231

Dear Kamme:

This letter is written to notify you of your leave status and inform you that previous absences noted below will not be designated as leave under The Family and Medical Leave Act (FMLA) at this time.

You were notified in a letter dated (7/16/2015) that you had not provided us with the necessary information to certify your FMLA leave and were given an additional seven calendar days to tend to our request. We have not received the Certification of Health Care Provider form or other sufficient information as of today's date. Unless and until the required documentation is provided, your absences below will not be designated as FMLA leave. Without that designation, the absences below will not be FMLA protected and will be considered to be unapproved:

**6/16/2015 – 2.5 hours**
**6/18/2015 – 2.00 hours**
**6/26/2015 – 4.00 hours**
**7/13/2015 – 4.50 hours**

System policy requires that you provide appropriate medical documentation to account for your use of sick leave in instances where you are absent from work due to your own medical condition or your need to care for an eligible family member who is ill or injured. Accordingly, please note that your use of leave during the date(s) above is under review to ensure you have provided sufficient documentation to account for your absences.

The leave's designation under review may be restricted or changed to other appropriate leaves (such as vacation, leave without pay, etc.) in the event we find you have not provided us with appropriate documentation. Additionally, please be aware that you may be subject to disciplinary action for your absences where allowed by Texas A&M rules and regulations.

Please do not hesitate to call me at 862-8114 if you have questions about FMLA leave, your leave status, or the contents of this letter.

Sincerely,

_____
Liaison or appropriate designee                              date

==================================================================

Plaintiff's EXHIBIT 10

4:17-cv-03877

4:17-cv-03877

**EMPLOYEE ACKNOWLEDGMENT**

I received a copy of this letter on _____ (date).

_____
Employee Signature

**OR**

CERTIFIED MAIL # (if employee is unavailable)_____
==============================================================

Plaintiff's EXHIBIT 10

4:17-cv-03877

# EXHIBIT 11
## TERMINATION APPEAL DENIED

- 08-13-2015 email to VP Strawser about FIREHOUSE issues and false dates of inspection. - 6pgs
- 05-20-2016 Plaintiff's letter of appeal to VP Strawser -2pgs
- SEE Appeal Presentation included on CD
- 05-23-2016 TAMU Letter – Appeal Denied – 1pg

| | |
|---|---|
| **From:** | O. Kamme |
| **To:** | Kale, Swati G |
| **Cc:** | Robertson, Christina E; Fields, John R |
| **Bcc:** | Strawser, Jerry R |
| **Subject:** | FH notes |
| **Date:** | Thursday, August 13, 2015 4:01:39 PM |

4:17-cv-03877

To who it may concern,

Since late 2012 I have attempted to address assorted issues as they presented themselves with the FireHouse inspection application by keeping notes, creating lists, screen shots, verbally expressing and numerous emails to Richard Fegan, James Rainer and Christina Robertson, and then David Zeiger. Before David Zeiger edited FireHouse earlier this year (2015) the application literally had 26.5' of items to scroll through, some of them repeats. I have been personally inspecting buildings at the TAMU campus since 1999 – and it is beyond me why no one at EHS has ASKED for any input or what items do I find most often?

Here I am again – as I edit the 0443 O&M inspection – I took time to SNIP a few issues, noted below. I have never understood why the inspectors are forced use a tedious, undependable application on an iPad, instead of creating a WORD document and saving it as a PDF using a full size keyboard and monitors. There are roughly 250 discrepancies listed for the most recent 0443 O&M inspection, but one would have to count that up by hand because the FireHouse program does not number the individual items.

Just a list of items to remind whoever deals with FH tech support:

1.) Default "YES to All" (delete NA) would save having to touch the screen up to 19 times just to begin an inspection.
2.) Default WHO the inspector is – as building is assigned & sent. (Instead of having to scroll & choose self)
3.) Delete employees from FH that are no longer inspecting or work for EHS.
4.) FH does not number each discrepancy.
5.) No need to have a place for the 2nd signature at the end of the report. (FH requires a scribble there)
6.) FH inserts whatever DATE the iPad thinks it is – have to adjust the iPad SETTINGS for the inspection report to have the actual correct inspection date, before completing the report within the application.

- FireHouse - space missing between "&/Unobstructed"

> NFPA 101 7.10.2.1 Exit Signage Functional, Directional &Unobstructed

- FireHouse formats OUT of the available PRINTER RANGE. (Potential that the occupant will not notice items that fail to print) -

Plaintiff's EXHIBIT 11

4:17-cv-03877

4:17-cv-03877

20.) 1103 Communications
21.) 1304
22.) 1301 Elevator
23.) Elevator room 1400 level.
24.) 601 Custodial
25.) 603 Communications

FireHouse formatting WASTES SPACE:

Note   1.) Basement Mechanical Room

Plaintiff's EXHIBIT 11

4.17-cv-03877

4:17-cv-03877

**Violation Code**

NFPA 101 7.1.9 Doors Functional and Unobstructed  - (SSC)

Note   \*\*\*Remove clasp on door -
   1.) B16
   2.) 525 (remove slide bolt)

FireHouse lists ONE issue, when there are actually ELEVEN separate types of discrepancies, and why call discrepancies "Note"?

**Violation Code**

NFPA 101 7.1.9 Doors Functional and Unobstructed  - (SSC)

Note   \*\*\*Remove clasp on door -
   1.) B16
   2.) 525 (remove slide bolt)

   \*\*\*Door Closure Disconnected -
   1.) B11
   2.) 1005

   \*\*\*Fire-Rated Tag Missing -
   1.) Door 13th Floor East

   \*\*\* Fire Rated Tag Painted Over -
   1.) 6th Floor West
   2.) 4th Floor West

   \*\*\*Door Not Latching-
   1.) 1405

   \*\*\*Doors Blocked-
   1.) 405

   \*\*\* Door Knob Installed Backwards -
   1.) Room inside of 508A

   \*\*\* Door Knob Damaged -
   1.) 521A

   \*\*\* Door Locks IN instead of OUT -
   1.) 518, near 518A

   \*\*\* Sliding Doors Lock IN -
   1.) 515A thru C

   \*\*\* Double Keyed Deadbolt -
   1.) 105
   2.) 107

Multiple pages for a large inspection with NO HEADER or any PAGE NUMBERS.
What year? What building? What page? What department?
FH formatting wastes space.
"0 0 0 0" and then it reads "Building has no other safety issues" – AND THEN a list of items (NOTE) that are incorrect???

Plaintiff's EXHIBIT 11

4:17-cv-03877

```
NFPA 1 10 18.5.1 Mechanical and Electrical Rooms Clear of Storage - (SSC)
Note    ***Needs general house cleaning
        1) B11
        2) Basement Mechanical Room
        3) 112 inside projector room
```

4:17-cv-03877

```
Violation Code
0.0.0.0  Building Has No Other Safety Issues

Note   ***Verify working condition of light fixtures -
       1) Riser Room ( two of three lights not functioning )
       2) B09 (no light)
```

Example of what the WORD document for the FLS inspections looked like, before the excel version, before the iPad & FireHouse.

Seems like LHS could create its own form again and save the final as a PDF? - FireHouse is so much more time and effort for what turns out to be the final product.

Plaintiff's EXHIBIT 11

4.17-cv-03877

| Texas A&M University<br>Fire & Life Safety Audit<br>Environmental Health and Safety Department | | Date of Inspection:<br>Feb. 19, 2001 |
|---|---|---|
| **Building Name:** | **Building Number:** | **EHSD Inspector:** |
| Centeq Research Lab | 1605 | Dennis R. Cooper |
| **Building Proctor:** | **Mail Stop:** | **Phone #:** |
| Steve Arden | 4103 S. Texas Av. | 846-5735 |

### DI-Deficiency Identification

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | Hydrants Fire Dept Connections-PIV | 11 | Electrical wiring | 21 | Hood & duct ext. system |
| 2 | Building exits | 12 | Electric panels | 22 | Standpipe/sprinkler system |
| 3 | Ramps | 13 | 24" storage to ceiling | 23 | Ceiling tiles |
| 4 | Emergency evacuation plans | 14 | clearance | 24 | Fire walls/penetrations |
| 5 | Exit corridors | 15 | Storage in mechanical rooms | 25 | Fire doors/hardware |
| 6 | Exit markings | 16 | Storage of combustibles | 26 | Belt guards |
| 7 | Exit lights | 17 | Storage of flammable liquids | 27 | High pressure cylinders |
| 8 | Floor designations in stairwells | 18 | Fire alarm panel | 28 | Slip/trip hazard |
| 9 | Extension cords | 19 | Fire alarm pull stations | 29 | General housekeeping |
| 10 | Cover plates | 20 | Smoke/heat detectors | 30 | Other |
| | | | Fire extinguishers | | |

RD (Responsible Department)  PP-Physical Plant  OC-Occupant  EH-EHSD  OT-Other         RP - Repeat Deficiency

| Item No | DI | Location | Deficiency/Correction Needed | RD | RP |
|---|---|---|---|---|---|
| 1 | 30 | Mechanical Rooms, Elevator Equipment Room and Custodial Closets. Throughout Building | Rooms not clearly identified. Rooms should be identified to assist emergency responders | OC | 2 |
| 2 | 30 | Mechanical Rooms, Elevator Equipment Room and Custodial Closets. Throughout Building | Unsecured at this time. Rooms should be secured to prevent unauthorized access | OC | 2 |

Sincerely,
KammeO


**Kamme O | Fire Inspector III**
Environmental Health and Safety | Texas A&M University
ph: 979.862.4040 | fax: 979.845.1348 | kammeo@tamu.edu
- - - - - - - - - - - - - - - - - - - - - - -
www.tamu.edu

Plaintiff's EXHIBIT 11

4:17-cv-03877

4:17-cv-03877

| | |
|---|---|
| **From:** | Zeiger, David W. |
| **To:** | O. Kamme; Lackey, Larry J; Daily, Jacob B; Falke, Eric; Kelly, Christopher F |
| **Cc:** | Rainer, James |
| **Subject:** | IPad Update |
| **Date:** | Thursday, February 05, 2015 12:57:21 PM |

I spoke with Firehouse rep. today and asked about the latest update for the IPad and if it would affect Firehouse. He stated that it would and not to download it until they have worked out all the issues. Apparently the new update and Firehouse are not compatible. They are working on it.

Thanks,

*Dave Zeiger*

Environmental Health and Safety | Fire Inspections
Texas A&M University
4472 TAMU | College Station, TX 77843-4472
979-845-8760
dwzeiger@tamu.edu

Plaintiff's EXHIBIT 11

4:17-cv-03877

4:17-cv-03877

TO: Jerry R. Strawser
Vice President and Chief Financial Officer

FROM: Kamme O
P.O. Box 1231
College Station, Texas 77841
bestillandknow.kammeo@gmail.com

DATE: May 20, 2016

APPEAL: 2016 Retaliation Termination

Dear Dr. Strawser,

There have been many written words via Texas A&M University's complaint process. Each letter on my case from Texas A&M University ignores and invalidates the experiences of discrimination and retaliation that I have been subjected to during my employment at Texas A&M University. Almost exactly twenty years after Texas A&M University first asked me, "What do you want?" the answer remains the same: I would like to do my job without harassment or sexual discrimination.

The policy covering how many business days are allowed to investigate has been changed from 15 days to 30 days. That is a very large "shield of protection" for Texas A&M University to protect itself, while the employee has a mere five to seven working days to defend herself/himself. Especially since it is a difficult process to know how to even file a complaint and access to the documents is unavailable online. My job was carpenter, and then safety inspector. I have no expertise in discrimination law. Texas A&M University proudly proclaims "WE ARE HERE FOR YOU", that has not been my experience so far.

I have given 8,584 days of faithful service to Texas A&M University. During the experience I sought guidance from Human Resources numerous times. As I read my calendars, what stands out is how my confiding in Human Resources for "guidance" merely stretched the experiences of discrimination further apart. The discriminations continued to occur.

Texas A&M University "lost" the 1995 evaluation which I have provided. It is evident that the University has been waiting for me to fail or quit ever since then. During this 2015-2016 ordeal, have I finally become aware that when I was told, *"I AM GOING TO MAKE YOU QUIT"* Bill Courtenay was speaking for Texas A&M University itself.

I am the only female to successfully complete the Carpenter Apprenticeship at Texas A&M University. And yet, Environmental Health & Safety continued to refuse to acknowledge my construction experience. I have been overlooked for promotion since 2007, shunned from access to

Plaintiff's EXHIBIT 11

4:17-cv-03877

meetings and denied on the job training, and almost a year of some very stressful and abusive retaliation, all basically ignored by Texas A&M University. Because I refused to quit, Environmental Health & Safety fabricated a process to terminate my employment. *Does it often require four adults to walk into an office, shut the door and terminate one person?

Texas A&M University's behavior is "do as I say, not as I do". Certainly explains the large shield on the top of the Aggie ring that symbolizes the desire to protect the reputation of the university. And since I am the one that endangers the reputation of Texas A&M University by having filed a discrimination complaint with the Equal Employment Opportunity Commission, investigation on-going as I write this appeal, I suppose it is easier to orchestrate a termination, than it will be for Texas A&M University to take responsibility for the discrimination and retaliation it has enabled and supported towards me for so many years. I appeal the decision to terminate my employment, by suggesting the use of a mirror aimed directly towards Texas A&M University itself.

Respectfully,

Kamme O

Plaintiff's EXHIBIT 11

4.17-cv-03877

**DIVISION OF FINANCE AND ADMINISTRATION**

OFFICE OF THE EXECUTIVE VICE PRESIDENT FOR FINANCE AND ADMINISTRATION
AND CHIEF FINANCIAL OFFICER



4:17-CV-03877

Jerry R. Strawser
**Executive Vice President and Chief Financial Officer**

23 May 2016

Kamme O
P.O. Box 1231
College Station, TX  77841

Dear Ms. O:

On May 20, 2016 I received (via email) your appeal of findings for the appeal of termination complaint dated April, 2016.

The original investigation report delivered to me included a complete copy of all your complaint documents filed with Human Resources as well as additional exhibits related to completed interviews and other associated documents relevant to the allegations. Following careful review of the grounds stated in your appeal and the record related to your original complaint and appeal, I conclude that your appeal is without merit and is therefore denied. Pursuant to section 4.5.1 of System Regulation 08.01.01, *Civil Rights Compliance*, this decision is final.

Sincerely,

Dr. Jerry R. Strawser
Executive Vice President and Chief Financial Officer

Plaintiff's EXHIBIT 11

Copies:   Dr. Anna Satterfield, Employee Support Services

4.17-cv-03877

# EXHIBIT 12
## CD & AUDIO of REVIEW MEETING

- AUDIO of 11-20-2015 "October Review Meeting"
- COPY of 11-20-2015 Transcription
- 260 page, August 2015 TAMU EEOC Response
- 66 page, March 2016 TAMU EEOC Amended Response
- 02-12-2016 Presentation: APPEAL OF TERMINATION
- Terminated 47 work-days after COMPLAINT

# EXHIBIT 12

## CD & AUDIO of REVIEW MEETING

- AUDIO of 11-20-2015 "October Review Meeting"
- COPY of 11-20-2015 Transcription
- 260 page, August 2015 TAMU EEOC Response
- 66 page, March 2016 TAMU EEOC Amended Response
- 02-12-2016 Presentation: APPEAL OF TERMINATION
- Terminated 47 work-days after COMPLAINT

4.17-cv-03877 HARD-COPY SENT
EXHIBIT 1-A   4.17-cv-03877   JAMES RAINER FAVORED YOUNGER MALE - FH FALSE INSPECTION DATES
EXHIBIT 4A   4.17-cv-03877   AUDIO  11-20-2015 October Review Meeting - I DARE YOU
EXHIBIT 4B   4.17-cv-03877   transcribed 11-20-2015 Review Meeting - I DARE YOU
EXHIBIT 12A   1A1578Z 66pg TAMU 03-04-2016 Position Statement Amended Charge  4.17-cv-03877
EXHIBIT 12B   1A1578Z TWC-CRD  260pg TAMU Position Statement with Exhibits - 4.17-cv-03877
EXHIBIT 12C   4.17-cv-03877   02-12-2016 APPEAL OF TERMINATION - Evidence  SENT TO VP STRAWSER
EXHIBIT 12D   4.17-cv-03877   47 Work Days after EYE WASH COMPLAINT - Termination

4:17-cv-03877 Kamme O v TAMU, TAMUS & Defendants