4:17-cv-03877

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION



United States District Court
Southern District of Texas
FILED
JUN 0 7 2018
David J. Bradley, Clerk of Court

| | |
|---|---|
| KAMME O<br><br>Plaintiff,<br><br>VS.<br><br>TEXAS A&M UNIVERSITY and<br>TEXAS A&M SYSTEM<br>*SEE ALSO ATTACHED LIST<br><br>Defendants. | CIVIL ACTION No.<br>4:17-cv-03877<br><br><br>JURY TRIAL DEMAND |

## PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE:

TO THE HONORABLE MAGISTRATE JUDGE NANCY K. JOHNSON:

1. Representation for the Defendants claim of immunity is void: Under the doctrine of qualified immunity, government officials performing *1320 discretionary functions are shielded from liability for civil damages **"insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."** *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982); *Doe v. Hillsboro Indep. Sch. Dist.,* 81 F.3d 1395, 1405 (5th Cir.1996).

2. As entered in the Defendants' Amended Response [Plaintiff's EXHIBIT 12A] to the EEOC March 4, 2016, page 22 of 66, "EXHIBIT 5 – Audio Recording" was heard by the Defendants JANUARY 4, 2016 prior to termination of the

Plaintiff's employment January 29, 2016, effective February 12, 2016. [Listen: **Plaintiff's EXHIBIT 4A** – Audio of 11-20-2015 October Review Meeting – I DARE YOU, between Supervisor SWATI KALE and Plaintiff Kamme O, witnessed by JOHN R. FIELDS.]

3. Defendants conspire to terminate the Plaintiff's employment by conspiring to libel against the Plaintiff as to the contents of said audio; wrongfully accusing the Plaintiff of being insubordinate and that she yelled at her supervisor SWATI KALE, when in fact, the audio provides evidence that it was SWATI KALE that stood over her desk, beating her fist and pointing at the Plaintiff during the 11-20-2015 October review meeting, while the Plaintiff calmly requested she calm down and behave professionally. [See: Plaintiff's EXHIBIT 4A & 4B – AUDIO and Transcribed 11-20-2015 Review Meeting]

4. Defendants terminated the employment of the Plaintiff without providing a hearing or a clear explanation of what the termination was in fact related to or about.

5. Plaintiff believes the 11-20-2015 Audio provides clear evidence that supports a claim of "Tort of Outrage", intentional infliction of emotional distress.

6. As to the Defendants' claim of the evidence the Plaintiff provides the Court being "hearsay", the Plaintiff believes

the evidence is admissible as either rule FRE801(d) or the FRE803 Exceptions.

6. Emails by the Plaintiff are not hearsay, because she is the witness making the statements. Plaintiff is also one of the voices heard on the audio of the 11-20-2015 meeting with Supervisor SWATI KALE, witnessed by JOHN R. FIELDS.

7. CAUSE OF ACTION: FALSE INSPECTION DATES = **Deliberate indifference**: "State Created Danger" theory:

8. Dangerous environment created:
a.) Defendants knowingly introduced and continued to insist employees make use of an iPad application to record safety inspections of campus buildings that is/was both vague and created sometimes false dates of inspection based on whatever date the iPad was set as, rather than being able to actually enter the date or dates of inspection. (Some buildings on campus are large and take longer than one day to go room by room, roof to basement.)

9. Know it is dangerous:
b.) Plaintiff communicated numerous functionality issues, including the false date issue and the 26.5' of scrolling from beginning to end, of the iPad application "FIREHOUSE" with the Defendants & the Texas State Fire Marshal's Office between 2012 and 2017.

10. Create opportunity:

   a.) Defendants created the opportunity of false inspection dates by implementing the use of an iPad application that failed to provide employees adequate functionality 2012-2016.

   b.) Defendants purposely disregarded the evidence of the issues as provided by the Plaintiff both verbally and in written form 2012-2016.

   c.) The FIREHOUSE application, the 26.5' of scrolling to locate and then enter each violation is what caused the neck injury to the Plaintiff that she submitted the 1st report of injury about on March 27, 2015; that was then backdated by Susan Karli to October 2014 – after Susan Karli told the Plaintiff, "it was probably just old age."

   d.) On or about December 29, 2016, the Plaintiff emailed evidence of the false inspection dates to the Texas State Fire Marshal's office, detailing her concerns. To the Plaintiff's knowledge, the TXSFMO failed to address the false dates of the Fire Safety Inspections of Texas A&M University, by Environmental Health & Safety.

11. Plaintiff believes that the evidence and explanations provided to the Court are too conclusory to survive a motion to dismiss, even if she isn't an attorney and has not had experience researching & quoting laws or writing court related legal documents prior to 2018.

12. Plaintiff continues to search for legal representation without success as of yet, but is willing to continue explaining and will work to provide the Court with whatever is necessary, as long as the Court allows.

Respectfully,

Pro se Plaintiff:    Kamme O

## CERTIFICATE OF SERVICE

I hereby certify that on or before 06-06-2018, Plaintiff emailed a copy of this MOTION to:

YVONNE D. BENNETT
Yvonne.bennett@texasattorneygeneral.gov
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

Pro se Plaintiff: Kamme O