United States Courts
Southern District of Texas
FILED
APR 01 2019
David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMME O | § § § | |
| Plaintiff, | § § | CIVIL ACTION No. 4:17-cv-03877 |
| VS. | § § | |
| TEXAS A&M UNIVERSITY, et al., | § § | JURY TRIAL DEMAND |
| Defendants. | § § § § § | |

## IDENTIFICATION of PLAINTIFF'S WITNESS

TO THE HONORABLE JUDGE OF THIS COURT:

As to the Fed. R. Civ. P. 26(a)(2)(B) – "Identification of plaintiff's experts" – Pro se Plaintiff pleads for mercy from the Court as she is not formally educated in law or process. Plaintiff experiences physical and emotional anxiety stating and restating what occurred 2014-2016 first to the Defendants then to the EEOC and now to begin again to this Court. Reading the Federal Rules creates physical and emotional anxiety for the Plaintiff making it difficult to begin, comprehend and act upon. There is a "deer in the headlights" feeling that is almost incapacitating for the Plaintiff.

## FED. R. EVIDENCE RULE 703

If Plaintiff is in need of or the Court requires a witness other than the Plaintiff herself, Babette Perkins, the coworker and friend of the Plaintiff is/was witness to the hostile work environment, discrimination the Plaintiff was subjected to by the Defendants.

Babette Perkins by knowledge and personal experience:

1.) In attendance of the 2015-2016 mandatory trainings at TAMU Environmental Health & Safety, by Human Resources.

2.) In attendance at the TAMU Environmental biweekly meetings, including the April 21, 2015 announcement of the restructure, effective May 1, 2015.

3.) In attendance to the meeting April 20, 2015 with Bradley Urbanczyk - where she expressed her concerns, "would he make sure that the Plaintiff is told about the departmental restructure, because James Rainer avoids communication with the Plaintiff."

4.) Is witness to the issues the Plaintiff experienced with the iPad application and the resulting in the Plaintiff's continuing neck pain and intermittent hearing loss.

5.) Is witness to the hostile manner in which the Plaintiff was removed and relocated from her office May 1, 2015.

6.) Is witness to the no warning, no conference, January 29, 2016 termination of the Plaintiff by the Defendants.

7.) Is witness to how the Plaintiff was treated by the Defendants at TAMU Environmental Health & Safety.

8.) Is witness that there was no warning before the Plaintiff's suspension of being able to request vacation leave, that initiated 07-17-2015 lasting until 11-13-2015.

9.) Is witness that HR Liaison SUSAN KARLI failed to advise the Plaintiff as to her legal rights, insulted the Plaintiff as to it being her "age" and refused to explain the process of the first report of injury about the Plaintiff's neck injury.

10.) Is witness to JAMES RAINER meeting with the male inspectors while continuously avoiding and leaving out the Plaintiff.

11.) Is witness that the audio of the 11-20-2015 meeting with SWATI KALE, witnessed by JOHN R. FIELDS lasts over an hour, and that it was SWATI KALE that yelled at the Plaintiff. The Plaintiff did not yell and behaved as professionally as possible under the highly stressful circumstances.

12.) Is witness to years of the discriminatory behaviors towards the Plaintiff by the Defendants.

13.) Was instructed it would be better for her career if she were not seen with the Plaintiff.

14.) Has personal knowledge that the Plaintiff worked for JAMES RAINER and was shunned for years, left out of trainings, meetings and job related campus information.

15.) Has personal knowledge that the Plaintiff's initial April 26, 2015 Complaint to the Defendants was not answered until August 31, 2015 - 96 days later, instead of "15 working days" as TAMUS Policy stated.

16.) Was witness that the Plaintiff's 11-10-2015 Complaint of the male inspectors that worked for SWATI KALE, same as the Plaintiff since May 2015, were years behind inspection of the eye wash showers on campus - not suspended from being able to request vacation leave. And that the Defendants failed to answer said Complaint.

17.) Has personal knowledge that the Plaintiff was continually assigned an excessive workload and subjected to hostile monthly unannounced-witnessed, short notice meetings.

18.) Has personal knowledge that the Plaintiff came and went from the office just like everyone else. And that there is no time clock.

Plaintiff's Witness:
Babette Perkins, ████████████████████████████
████████████████████████████

*Babette Perkins* (signature)

Babette Perkins

## CERTIFICATE OF SERVICE

I hereby certify that on or before 03-29-2019, Plaintiff emailed a copy of this document to:

YVONNE D. BENNETT
*Yvonne.bennett@oag.texas.gov*
Assistant Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

_____
Pro se Plaintiff: Kamme O