**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KAMME O,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No.: 4:17-cv-03877** |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| *Defendant.* | § | |

---

**DEFENDANT TEXAS A&M UNIVERSITY'S**
**MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

---

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for
Civil Litigation

THOMAS A. ALBRIGHT
Chief - General Litigation Division

YVONNE D. BENNETT
Attorney-in-Charge
Assistant Attorney General
Texas Bar No. 24052183
Southern District No. 814600
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-463-2120 / Fax: 512-320-0667
Yvonne.bennett@texasattorneygeneral.gov
ATTORNEYS FOR DEFENDANT
TEXAS A&M UNIVERSITY

July 12, 2019

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................... iii

I.      NATURE AND STAGE OF THE PROCEEDING ................................................. 1

II.     STATEMENT OF ISSUES ..................................................................................... 3

III.    SUMMARY OF ARGUMENT ............................................................................... 3

IV.     STATEMENT OF RELEVANT FACTS ................................................................ 3

V.      SUMMARY JUDGMENT STANDARD OF REVIEW ......................................... 7

VI.     LEGAL ANALYSIS ............................................................................................... 9

      A.      Plaintiff Cannot Establish a Prima Facie Claim of Discrimination Based on Her Gender or Religion Because She Cannot Show that Any Similarly Situated Employee Was Treated More Favorably ........................................ 9

      B.      Plaintiff Cannot Establish a Prima Facie Claim of Retaliation Because She Cannot Establish That TAMU Terminated Her Because of Her June 2015 EEOC Charge ............................................................................................ 12

      C.      TAMU's Decision to Terminate Plaintiff's Employment was Based Upon Legitimate, Nondiscriminatory, and Non-retaliatory Reasons and Plaintiff Cannot Show Pretext and Intentional Discrimination ............................... 13

VII.    CONCLUSION and PRAYER .............................................................................. 15

CERTIFICATE OF SERVICE .............................................................................................. 16

# TABLE OF AUTHORITIES

## Cases

*Ajao v. Bed Bath & Beyond, Inc.*,
  265 F. App'x 258 (5th Cir. 2008) ................................................................. 13
*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ............................................................................... 7, 8
*Briley v. Harvey*,
  2006 WL 1517523 (S.D. Tex. May 30, 2006) ....................................... 11
*Burlington N. and Santa Fe Ry Co. v. White*,
  126 S. Ct. 2405 (2006) ........................................................................... 12
*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ............................................................................... 7, 8
*Clark Cty. Sch. Dist. v. Breeden*,
  532 U.S. 268 (2001) ............................................................................... 13
*Davis v. Dallas Area Rapid Transit*,
  383 F.3d 309 (5th Cir. 2004) ................................................................. 9
*Deines v. Texas Dep't of Protective & Regulatory Servs.*,
  164 F.3d 277 (5th Cir. 1999) ................................................................. 10
*Eason v. Thaler*,
  73 F.3d 1322 (5th Cir.1996) ................................................................... 8
*Evans v. City of Houston*,
  246 F.3d 344 (5th Cir. 2001) ................................................................. 14
*First Nat. Bank of Ariz. v. Cities Serv. Co.*,
  391 U.S. 253 .............................................................................................. 7
*Forsyth v. Barr*,
  19 F.3d 1527 (5th Cir.1994) ................................................................... 8
*Green v. Administrators of Tulane Educ. Fund*,
  284 F.3d 642 (5th Cir. 2002) ................................................................. 12
*Harris v. Mississippi Transp. Comm'n*,
  329 F. App'x 550 (5th Cir. 2009) .......................................................... 14
*Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*,
  579 F.3d 546 (5th Cir. 2009) ................................................................. 13
*Jones v. Overnite Transp. Co.*,
  212 F. App'x 268 (5th Cir. 2006) .......................................................... 10
*Kennerson v. Guidry*,
  135 F. App'x 639 (5th Cir. 2005) .................................................... 10, 15
*Laxton v. Gap, Inc.*,
  333 F.3d 572 (5th Cir. 2003) ................................................................. 14
*Little v. Republic Ref. Co.*,
  924 F.2d 93 (5th Cir. 1991) ................................................................... 11
*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
  475 U.S. 574 (1986) ............................................................................... 7, 8
*McCoy v. City of Shreveport*,
  492 F.3d 551 (5th Cir. 2007) ........................................................ 9, 10, 12

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973)........................................................................................ 9

*Okoye v. Univ. of Texas Houston Health Sci. Ctr.*,
   245 F.3d 507 (5th Cir. 2001) ..................................................................... 9, 11

*Perez v. Texas Dep't of Criminal Justice*,
   395 F.3d 206 (5th Cir. 2004) ........................................................................ 11

*Price v. Fed. Exp. Corp.*,
   283 F.3d 715 (5th Cir. 2002) ................................................................... 10, 14

*Ragas v. Tennessee Gas Pipeline Co.*,
   136 F.3d 455 (5th Cir.1998) ....................................................................... 7, 8

*Raggs v. Miss. Power & Light Co.*,
   278 F.3d 463 (5th Cir. 2002) ........................................................................ 13

*Raj v. La. State Univ.*,
   714 F.3d 322 (5th Cir. 2013) ........................................................................ 10

*Ricci v. DeStefano*,
   557 U.S. 557 (2009)........................................................................................ 7

*Rogers v. Pearland ISD*,
   827 F.3d 403 (5th Cir. 2016) ......................................................................... 9

*Russell v. McKinney Hosp. Venture*,
   235 F.3d 219 (5th Cir. 2000) ........................................................................ 10

*Scott v. Harris*,
   550 U.S. 372 (2007)........................................................................................ 7

*Septimus v. Univ. of Houston*,
   399 F.3d 601 (5th Cir.2005) ......................................................................... 12

*Shackelford v. Deloitte & Touche, LLP*,
   190 F.3d 398 (5th Cir. 1999) ........................................................................ 14

*Skotak v. Tenneco Resins, Inc.*,
   953 F.2d 909 (5th Cir. 1992) ......................................................................... 8

*Texas Dep't of Cmty. Affairs v. Burdine*,
   450 U.S. 248 (1981)...................................................................................... 10

*Univ. of Texas Sw. Med. Ctr. v. Nassar*,
   133 S.Ct. 2517 (2013).................................................................................... 12

*Wallace v. Methodist Hosp. Sys.*,
   271 F.3d 212 (5th Cir. 2001) ........................................................................ 14

*Wyvill v. United Cos. Life Ins. Co.*,
   212 F.3d 296 (5th Cir. 2000) ........................................................................ 11

**Rules**

Fed. R. Civ. P 56................................................................................................. 1, 8
Fed. R. Civ. P. 56(a) ............................................................................................... 7
Fed. R. Civ. P. 56(c) ............................................................................................... 7

iv

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KAMME O,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **Civil Action No.: 4:17-cv-03877** |
| | § | |
| **TEXAS A&M UNIVERSITY** | § | |
| *Defendant.* | § | |

**DEFENDANT TEXAS A&M UNIVERSITY'S
MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE MAGISTRATE JUDGE NANCY K. JOHNSON:

Defendant Texas A&M University ("TAMU") files this Motion For Summary Judgment and Brief in Support pursuant to Federal Rule of Civil Procedure 56 and in support of its Motion, TAMU respectfully shows the Court the following.

## I.     NATURE AND STAGE OF THE PROCEEDING

This is an employment discrimination case arising out of Plaintiff, Kamme O's ("Plaintiff" or "Ms. O") termination from Texas A&M University. Plaintiff Kamme O's Opposed 2nd Amended Complaint ("Complaint") is the operative complaint.  [DKT 40]

After TAMU terminated Ms. O's employment for unacceptable job performance, Plaintiff filed her Original Complaint suing TAMU and A&M System for alleged violations of the ADEA, Title VII, the Texas Penal Code, and A&M System Regulations. [DKT 1] After Defendants filed a Motion to Dismiss [DKT 17], Plaintiff filed her First Unopposed Amended Complaint adding claims for Title IX employment discrimination as well as naming an additional 23 individual Defendants. [DKT 23] In her First Amended Complaint, Plaintiff also made passing reference to the Family Medical Leave Act ("FMLA"), The Whistleblower Act, and a personal injury. On April

26, 2018 Defendants filed a Motion to Dismiss Plaintiff's First Amended Complaint. [DKT 28] On November 30, 2018, The Magistrate entered a Memorandum and Recommendation recommending dismissal of all claims and defendants except the Title VII claims against TAMU. [DKT 36] On January 15, 2019, Ms. O filed her Opposed 2d Amended Complaint [DKT 40] to which TAMU responded with another Motion to Dismiss filed on January 25. [DKT 42]. On February 6, this Court entered an Order adopting the Magistrate's recommendations granting TAMU's Motion to Dismiss except as to Ms. O's Title VII claims for wrongful termination based on discrimination (gender and religion) and retaliation for her filing a complaint with the Equal Employment Opportunity Commission (EEOC) in June 2015. [DKT 43].  TAMU timely filed its Answer to Plaintiff's Opposed 2d Amended Complaint on February 14. [DKT 45].

Pursuant to the Court's scheduling order, the parties completed discovery on June 28, 2019[1], and dispositive motions are due by July 12, 2019. [DKT 44]. Plaintiff has a pending motion for enlargement of time for the discovery process to be continued until Friday, August 2, 2019. [DKT 49]. This case is not set for Docket Call. [DKT 44].

TAMU files this motion for summary judgment maintaining that there is no genuine dispute of any material fact and TAMU is entitled to judgment as a matter of law on Ms. O's claims.  Summary judgment is proper in this case because nothing in the record, outside of Ms. O's subjective belief and conclusory allegations, supports her contention that she was terminated because of her gender, religion, or her EEOC complaint. For the reasons stated below, TAMU asks this Court to grant summary judgment and dismiss Ms. O's claims with prejudice.

---

[1] Plaintiff filed a Motion for Enlargement of Time until August 2 to conduct further discovery. [DKT 49]. TAMU is opposed to that motion as Ms. O untimely filed 2 additional sets of Requests for Admissions outside the Court ordered discovery deadline. However, the parties will address this outstanding discovery issue and TAMU expects to resolve this matter without intervention by the Court.

## II.      STATEMENT OF ISSUES

1. Plaintiff cannot make a *prima facie* case for wrongful termination based on gender or religious discrimination or retaliation.

2. Plaintiff cannot show that TAMU's stated reasons for terminating her were a pretext for intentional discrimination or retaliation.

## III.      SUMMARY OF ARGUMENT

Defendant is entitled to judgment as a matter of law because there is no genuine dispute as to any material fact on at least one element of each of Plaintiff's claims.  Ms. O's Title VII claims fail because: **(1)** she cannot show that other similarly situated male (or non-religious) employees were not terminated; **(2)** she cannot show that she would not have been fired in February 2016 "but for" her filing an EEOC complaint in June 2015; and **(3)** she cannot show that TAMU's reason for terminating her employment—unacceptable job performance—is merely a pretext for intentional discrimination and retaliation. The record evidence conclusively shows that TAMU did not discriminate or retaliate against Ms. O and its decision to terminate her employment was based on legitimate, non-discriminatory, and non-retaliatory reasons.

## IV.      STATEMENT OF RELEVANT FACTS

Defendant Texas A&M University ("TAMU"), Texas' first public institution of higher learning, is a member of A&M System and is based in College Station, Texas. *See* Exhibit D at p.6, third paragraph. On August 13, 1992, TAMU hired Ms. O as a Parking Services Officer. *See* Exhibit B ¶ 4; Exhibit C at p. 15:19-21. Ms. O subsequently progressed through several positions in the Parking, Traffic and Transportation Division, The Physical Plant, and the Environmental Health & Safety (EHS) office. *See* Exhibit D at p.7. At the time of her termination Ms. O worked as an Occupational Safety & Health Inspector III. *See* Exhibit B ¶ 5. Her supervisor was Ms. Swati

G. Kale, Occupational Safety & Health Inspector Supervisor.[2]  Ms. Kale reported to Mr. Bradley D. Urbanczyk, Assistant Director for Environmental Health & Safety, who was supervised by Ms. Christina E. Robertson, Director for Environmental Health & Safety. *See* Exhibit A ¶ 2; Exhibit B ¶ 13.  Ms. O joined the EHS office in September of 1999. *See* Exhibit B ¶ 4.  In 2002, she was promoted from an EHS Tech I to EHS Tech II, and in 2007, to Environmental Safety Specialist. *See* Exhibit D at p. 7, first paragraph. On September 1, 2013, Ms. O's job title changed to Fire Inspector III, and on May 4, 2015, her job title changed to Occupational Safety & Health Inspector III. *Id.*

Ms. Kale began supervising Ms. O in May 2015 and almost immediately observed that Ms. O consistently exhibited poor job performance. *See* Exhibit B ¶ 6. On June 30, 2015, a meeting was held with all inspectors, during which they were informed that job performance would be measured every 30 days beginning July 1, 2015. *Id.* at ¶ 7.  On July 17, 2015, Ms. Kale held a pre-evaluation meeting with Ms. O and asked Ms. O. to provide a status of pending assignments and proposed schedule of inspections. *Id.* Ms. Kale conducted additional monthly performance evaluations with Ms. O on August 10, 2015; September 17, 2015; October 21, 2015; November 20, 2015; and January 19, 2016. *Id.* at ¶ 8. After observing that Ms. O was not completing her work assignments, on October 21, 2015, Ms. Kale issued Ms. O a memorandum setting forth TAMU's expectations for acceptable job performance. *Id*. at ¶ 9; *see also* Exhibit B-1.  Ms. Kale noted that she had already spoken with Ms. O regarding deficiencies in the quantity of work completed, which continued to have a negative impact in the office. *Id.* at ¶ 9.  Ms. Kale informed Ms. O that she expected Ms. O to complete her assigned inspections, submit timely reports, work from 8:00 a.m. to 5:00 p.m., use her official title for all business matters, and provide a reason for

---

[2] Ms. Kale's current title is Assistant Manager for Laboratory Safety.  *See* Exhibit B ¶ 2.

4

absences other than sick leave. *Id.* Ms. Kale also informed Ms. O that the list of expectations would be reviewed periodically. *Id.*

During each performance evaluation meeting, Ms. O was very disrespectful and argumentative to Ms. Kale. *Id.* at ¶ 10. Ms. O would yell loudly at Ms. Kale during the meetings, creating a disruption in the work environment. *Id.* During the November 20, 2015, meeting, Ms. O behaved so unprofessionally that two anonymous reports were filed through the EthicsPoint Hotline concerning Ms. O's conduct. *Id.*; *see also* Exhibit B-2.  One Hotline reporter stated that Ms. O "has created an extremely hostile work environment" and Ms. O "was heard throughout the Department yelling extremely loudly at her supervisor." *See* Exhibit B at ¶ 10; Exhibit B-2; Exhibit B-3. These complaints were investigated by Texas A&M's Office of Policy and Practice Review which substantiated the allegations of a hostile work environment created by Ms. O. *Id.*

Because of Ms. O's continued failure to meet her inspection schedule, Ms. Kale issued her a Personnel Corrective Action Template on December 4, 2015. *See* Exhibit B ¶ 11 and Exhibit B-4. Ms. Kale stated in the action plan that Ms. O was to complete the assigned building inspections and comply with her established work hours of 8am to 5pm, unless changes were approved by Ms. Kale. *Id.*

Plaintiff's next performance evaluation meeting was held on January 19, 2016. During this meeting Ms. O became so argumentative and disrespectful that Ms. Kale was forced to suspend the meeting until later that afternoon. *See* Exhibit B ¶ 12.  However, Ms. Kale's attempt to reconvene the meeting met with the same unprofessional behavior by Ms. O and Ms. Kale had to dismiss the meeting. *Id.*

Having lost confidence in Ms. O's willingness to complete her job assignments as instructed, Ms. Kale met with Brad Urbanczyk and discussed Ms. O's conduct. *See* Exhibit B ¶

5

13. Together Ms. Kale and Mr. Urbanczyk contacted the Employee Relations Department and discussed Ms. O's failure to comply with her Performance Expectations Memorandum and her Personnel Corrective Action Template. *Id.* After reviewing the documentation, a collective decision was made to proceed with a request for approval to terminate Ms. O's employment. *Id.* at ¶ 14.

On January 25, 2016, Ms. Kale prepared a memorandum for Christina Robertson, Director of Environmental Health and Safety, requesting approval to terminate Ms. O's employment because of her unacceptable job performance. *Id.* at ¶ 15; *see also* Exhibit A-1. Ms. Robertson approved the request to terminate Ms. O's employment and both Ms. Kale and Ms. Robertson signed a termination letter (effective February 12, 2016) for Ms. O. which was hand delivered to her on January 29, 2016 by Ms. Kale, Ms. Robertson, and Mr. Urbanczyk. *See* Exhibits A ¶ 7; A-1; A-2; B ¶ 16.

On February 8, 2016, Ms. O appealed her termination alleging that she was terminated in retaliation for complaining about a hostile work environment and as a result of discrimination. *See* Exhibit F and Exhibit G at p.1. In accordance with TAMU policy, Ms. O's appeal was investigated by Policy & Practice Review Director of Employee Support Services, Dr. Anna Satterfield. *See* Exhibit G. The Investigative Authority concluded that Ms. O's termination of employment was based on her unacceptable job performance and her unwillingness to meet the expectations of her position. *Id.* at p. 11.  The Investigative Authority further concluded that the termination decision was not based on any discriminatory animus or made in retaliation for previous complaints filed by Ms. O and was made in accordance with Texas A&M University Standard Administrative Procedure 32.02.02.MO.02 *Discipline and Dismissal of Non-faculty Employees*. *Id.* On May 6, 2016, Mr. Jerry R. Strawser, Executive Vice President and Chief Financial Officer, issued a final

decision regarding the merits of the complaint, concluding that Ms. O's allegations were without merit or credible evidence and dismissed the appeal. *See* Exhibit H.

### V.     SUMMARY JUDGMENT STANDARD OF REVIEW

The Court shall grant summary judgment if the moving party shows[3] that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir.1998).  A dispute regarding a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When ruling on a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts."  *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) citing, *Scott v. Harris*, 550 U.S. 372, 380 (2007); and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Further, the court's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial...there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.  *Anderson*, 477 U.S. at 249-250, citing *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-289.

Once the moving party has made an initial showing that there is insufficient evidence to support the nonmoving party's case, the party opposing the motion must come forward with

---

[3] The moving party must support its assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c).

competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-586.  Conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996).  Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise way that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915-16 & n. 7 (5th Cir. 1992).  Rather, the Court need rely only on those portions of the submitted documents to which the nonmoving party directs the Court's attention.  *Ragas* at 458; *Forsyth* at 1536-1537.  "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.*  If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp.*, 477 U.S. at 322-323.

Based on the above standard, and for the reasons articulated below, TAMU is entitled to judgment as a matter of law.

## VI.     LEGAL ANALYSIS

**A.  Plaintiff Cannot Establish a *Prima Facie* Claim of Discrimination Based on Her Gender or Religion Because She Cannot Show that Any Similarly Situated Employee Was Treated More Favorably.**

Ms. O claims that because she is female and "know[s] God is real"[4], Defendant intentionally discriminated against her when it terminated her employment on February 12, 2016. "Assuming a plaintiff has exhausted his administrative remedies, he may prove a claim of intentional discrimination or retaliation either by direct or circumstantial evidence." *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).  When a plaintiff does not allege any direct evidence of discrimination (as here), courts apply the *McDonnell Douglas* burden-shifting analysis. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 316 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)); *See also, Rogers v. Pearland ISD*, 827 F.3d 403, 407-408 (5th Cir. 2016). "To survive summary judgment under *McDonnell Douglas*, the plaintiff must first present evidence of a *prima facie* case of discrimination." *Davis*, 383 F.3d at 317.

To establish a *prima facie* case of employment discrimination, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for his position; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside the protected class, or, in the case of disparate treatment, that others similarly situated were treated more favorably. *Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001).

> If the plaintiff makes a *prima facie* showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. … If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is

---

[4] Plaintiff testified that she was not discriminated against for religion like, Baptist, Methodist, but rather "…treated like they were afraid of me." *See* Exhibit C at p. 56:24-p.57:4 and lines 17-20.

> not true but instead is a pretext for the real discriminatory or
> retaliatory purpose.  To carry this burden, the plaintiff must rebut
> each nondiscriminatory or nonretaliatory reason articulated by the
> employer.

*McCoy* , 492 F.3d at 557.

TAMU's burden is merely one of production, not persuasion.  *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 257-58 (1981).  Upon a showing of TAMU's legitimate reason(s), the burden then shifts back to Ms. O who must establish that TAMU's proffered reason is not the true reason for its actions but is instead a pretext for intentional discrimination.  *Price v. Fed. Exp. Corp.*, 283 F.3d 715, 720 (5th Cir. 2002).  "The plaintiff bears the ultimate burden of persuading the trier fact . . . that the employer intentionally discriminated against [him] because of [his] protected status."  *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *see also Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)("The ultimate question in a Title VII disparate treatment claim remains whether a defendant took the adverse employment action against a plaintiff *because of* his protected status.").  Subjective beliefs of discrimination are an insufficient defense to a summary judgment motion.  *Kennerson v. Guidry*, 135 F. App'x 639, 641 (5th Cir. 2005).

Further, it is well established that discrimination laws are not vehicles for the courts to second guess an employer's business decisions.  *Deines v. Texas Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999). The employment discrimination laws do not protect an employee from erroneous employment decisions.  Rather, they prohibit employers only from making employment decisions based upon discrimination.  *Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 275 (5th Cir. 2006).  Thus, even if the Court believes TAMU erred in concluding that Ms. O's job performance was unacceptable, that error alone does not establish unlawful discrimination, absent evidence that TAMU had a discriminatory motive for its decision.  *See*

*Briley v. Harvey*, 2006 WL 1517523 *5 (S.D. Tex. May 30, 2006) (citations omitted).  ("[E]ven an incorrect belief that an employee's performance is inadequate constitutes a legitimate, non-discriminatory reason.  We do not try in court the validity of good faith beliefs as to an employee's competence.  Motive is the issue.").  *Little v. Republic Ref. Co.*, 924 F.2d 93, 97 (5th Cir. 1991).

Here, Ms. O does not meet the fourth criteria for a *prima facie* discrimination claim because she cannot show that she was replaced by a male or that any other similarly situated TAMU employee outside her protected classes was treated more favorably. *See* Exhibit A ¶ 8. Although Ms. O makes conclusory allegations that males were treated better, she cannot produce any evidence that the males to which she is referring were supervised by Ms. Kale, or had the same job duties, or engaged in the same conduct as Ms. O when she was terminated. The Fifth Circuit has definitively held that "to establish disparate treatment, a plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances…"  *Okoye*, 245 F.3d at 514.  Moreover, the "alleged comparator employees [must have been] similarly situated from the perspective of their employer at the time of the relevant employment decision "  *Perez v. Texas Dep't of Criminal Justice*, 395 F.3d 206, 209 (5th Cir. 2004), and the comparator employees' position in the organization should be roughly the same.  *See, e.g., Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000).  Here, there is no evidence that Ms. O was replaced by a male or that any male or non-religious employee engaged in the same conduct as Ms. O and was not terminated. *Id.*

**B. Plaintiff Cannot Establish a *Prima Facie* Claim of Retaliation Because She Cannot Establish That TAMU Terminated Her Because of Her June 2015 EEOC Charge.**

Ms. O must first establish a *prima facie* claim of retaliation by showing that she engaged in activity protected by Title VII[5] and that TAMU fired her *because* she engaged in that activity. To show causation, Ms. O must establish that without her protected activity, TAMU would not have terminated her when it did.  In other words, Ms. O must establish that "but for" her protected activity, TAMU would not have terminated her employment.  *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2534 (2013). If Ms. O establishes a *prima facie* claim the same *McDonnell Douglas* burden-shifting analysis applies in retaliation cases, such that if the employer offers a legitimate, non-retaliatory reason for its action, "the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real [] retaliatory purpose."  *McCoy*, 492 F.3d at 557; see also *Septimus v. Univ. of Houston*, 399 F.3d 601, 608 (5th Cir.2005). To defeat TAMU's Motion for Summary Judgment, Ms. O must put forth legally sufficient summary judgment evidence that she would not have been fired but for the filing of her June 2015 EEOC Charge. *University of Texas Southwestern Medical Center*, 133 S. Ct. at 2537.

TAMU does not dispute that Ms. O engaged in protected activity under Title VII by filing an administrative complaint of discrimination with the EEOC in June 2015.  TAMU also does not dispute that Ms. O's termination constitutes an adverse employment action.   However, there is no evidence that a causal link existed between the protected activity and Ms. O's termination.

---

[5] "Protected activity" is defined as opposition to any practice rendered unlawful by Title VII, including making a charge, testifying, assisting, or participating in any investigation, proceeding, or hearing under Title VII.  *Green v. Administrators of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)(overruled on other grounds by *Burlington N. and Santa Fe Ry Co. v. White*, 126 S. Ct. 2405, 2415 (2006).

There is simply no evidence of any causal connection between Ms. O's termination and her protected activity. *See* Exhibit A ¶ 9 and Exhibit B ¶ 17.  Any attempt by Ms. O to try and show causation simply because she was terminated after she filed her EEOC charge would be futile.  Although the Fifth Circuit has held that "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation," *Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ*., 579 F.3d 546, 549 (5th Cir. 2009), the period of time between the two events must be "very close." *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).  Periods of more than a couple of months have been held to be insufficient to establish causality.  *See Raggs v. Miss. Power & Light Co*., 278 F.3d 463, 471-72 (5th Cir. 2002) (five months insufficient); *Ajao v. Bed Bath & Beyond, Inc*., 265 F. App'x 258, 265 (5th Cir. 2008) (four months insufficient); *see also Clark County School Dist*., 532 U.S. at 273 (citing cases holding three- and four-month periods insufficient).

Here, Ms. O filed her EEOC complaint in June 2015, more than six months before the decision to terminate her employment.  Six months is too remote to support a causal inference of retaliation. *Id.*

Since there is no evidence of causation, Ms. O's retaliation claim fails and TAMU is entitled to judgment as a matter of law.

**C. TAMU's Decision to Terminate Plaintiff's Employment was Based Upon Legitimate, Nondiscriminatory, and Non-retaliatory Reasons and Plaintiff Cannot Show Pretext and Intentional Discrimination.**

Even if Plaintiff could make out *prima facie* claims for gender and religion discrimination and retaliation, her claims still fail because TAMU had legitimate, nondiscriminatory, non-retaliatory reasons for terminating Ms. O's employment. *See* Exhibits A and B.   As is clear from the record, Ms. O was terminated because of her unacceptable job performance, as evidenced by

(1) her October 2015 Performance expectations memorandum; (2) the substantiated Hotline complaint about her yelling extremely loudly at her supervisor and creating a hostile work environment; (3) her December 4, 2015 Personnel Corrective Action Template; (4) Ms. Kale's testimony; and (5) the findings and conclusions of the Investigative Authority regarding Ms. O's appeal. *See* Exhibit B ¶¶ 6-13; Exhibits B-1; B-2; B-3; B-4; C at p.120:3-5; and G.

Because TAMU has produced evidence of its non-discriminatory and non-retaliatory reasons for terminating Ms. O's employment, to survive summary judgment, Ms. O must provide evidence that TAMU's reasons are not true but are a pretext for illegal discrimination or retaliation. *Price*, 283 F.3d at 720.  Ms. O must produce sufficient summary judgment evidence, rebutting each of the stated reasons for her termination.  *See Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003) ("The plaintiff must rebut each nondiscriminatory reason articulated by the employer.") (citing *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 220 (5th Cir. 2001); *Harris v. Mississippi Transp. Comm'n*, 329 F. App'x 550, 556 (5th Cir. 2009) (holding that plaintiff who failed to rebut each legitimate, nondiscriminatory reason for his termination did not sustain burden of demonstrating pretext). "Evidence is substantial if it is of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions." *Laxton*, 333 F.3d at 579.  The question is "not whether the employer's proffered reasons were incorrect reasons, *Id*., but rather the Court must determine "whether the employer's perception of Plaintiff's performance, accurate or not, was the real reason for the employer's action.  *Evans v. City of Houston*, 246 F.3d 344, 355 (5th Cir. 2001) (quoting *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 408-09 (5th Cir. 1999)).

Here, Ms. O can offer nothing other than her subjective belief that the stated reasons for her termination were pretext for discrimination[6] or retaliation. *See* Exhibit C at p.55:1-4; p. 57:24-p.58:4; p.66:22-24; p.73:6-11. That is simply not enough to defeat summary judgment. *See Kennerson*, 135 F. App'x at 641.  Given that Ms. O cannot provide any evidence that Ms. Kale or Ms. Robertson held any animus toward her because of her gender, her religion, or because she filed an EEOC complaint 6 months prior, Ms. O has no basis to argue that the proffered reasons for her termination were pretextual. Accordingly, Ms. O's claims of employment discrimination and retaliation fail as a matter of law, and this court should grant TAMU's Motion for Summary Judgment.

## VII.    CONCLUSION AND PRAYER

For the reasons above, Defendant Texas A&M University respectfully submits that there is no genuine dispute of material fact and that Defendant is entitled to judgment as a matter of law. Accordingly, Defendant respectfully requests that the Court grant its Motion for Summary Judgment against Plaintiff, dismiss Plaintiff's claims, order that Plaintiff take nothing by her action, and award Defendant such further relief to which it is entitled.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief, General Litigation Division

---

[6] It is important to note that Ms. O made no reference to discrimination based upon her gender or her religion in her termination appeal.  *See* Exhibit F.

15

/s/ *Yvonne D. Bennett*
**YVONNE D. BENNETT**
Texas Bar No. 24052183
Southern District No. 814600
Attorney-in-Charge
Assistant Attorney General
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512-463-2120 and     Fax: 512-320-0667
Email: yvonne.bennett@texasattorneygeneral.gov

ATTORNEYS FOR DEFENDANT
TEXAS A&M UNIVERSITY

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of Defendant Texas A&M University's Motion

For Summary Judgment and Brief in Support has been served via the court's electronic notification

services on this 12th day of July 2019, on:

Kamme O
*Pro Se* Plaintiff
3503 Winding Road
Hearne, Texas 77859
Telephone: 979-575-1091
AggieCarpenterMom@gmail.com

/s/ *Yvonne D. Bennett*
YVONNE D. BENNETT
Assistant Attorney General

16