Case 4:17-cv-03877 Document 61 Filed on 01/14/20 in TXSD Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
January 14, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAMME O., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-3877 |
| | § | |
| TEXAS A&M UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

### **MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] are Defendant's Motion for Summary Judgment (Doc. 50) and Plaintiff's Motion for Silent Scream (Doc. 51). The court has considered the motions, the responses, all other relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED** and **DENIES AS MOOT** Plaintiff's Motion for Silent Scream.

### I. Case Background

On December 26, 2017, Plaintiff filed a pro se employment action against her former employer, Texas A&M University ("TAMU"). Relevant to present disputes, from September 2013 until May 2015, Plaintiff's job title was Fire Inspector III. In May 2015, pursuant to a restructuring of her department, her job title

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 5, Ord. Dated Dec. 29, 2017.

changed to Occupational Safety and Health Inspector III.[2] Plaintiff avers that although her job title changed and she was assigned a new supervisor, her responsibilities remained the same.[3] While employed, Plaintiff complained that a supervisor mentored her male peers and ignored her.[4]

Frustrated with the organizational changes, on June 17, 2015, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII").[5] Plaintiff complained that the departmental restructure was: (1) without advance notice to her; (2) in retaliation for her ongoing complaints of discrimination; and (3) implemented to set her up for failure.[6]

On June 30, 2015, Plaintiff's new supervisor, Swati Kale ("Kale"), implemented a policy requiring monthly job performance evaluations for all inspectors.[7] Kale met with Plaintiff monthly and discussed the status and scheduling of her inspections.[8] After

---

[2] See Doc 50-5, Ex. D to Def.'s Mot. For Summ. J., Position Statement Charge of Discrimination p. 7.

[3] See Doc 55, Pl.'s Aff. of Kamme O ¶ 21.

[4] See Doc. 55, Pl.'s Aff. of Kamme O ¶ 12.

[5] See Doc. 1-1, Charge of Discrimination p. 2.

[6] See id.

[7] See Doc. 50-3, Ex. B to Def.'s Mot. for Summ. J., Decl. of Swati Kale ¶¶ 6-7.

[8] See id. ¶ 8.

Plaintiff did not complete her inspections on time for several months, Kale gave Plaintiff a memorandum reiterating Kale's job performance expectations for Plaintiff.[9]

In December 2015, Plaintiff was issued a Personnel Corrective Action Template to address deficiencies in Plaintiff's inspection schedule.[10] After a contentious performance evaluation meeting in January, 2016, Kale recommended that Plaintiff be terminated due to unacceptable job performance.[11]

The recommendation for termination was reviewed and approved by the Director of Environmental Health and Safety for TAMU.[12] Plaintiff's termination became effective on February 12, 2016.[13] Her vacant position was downgraded and filled by a female who later resigned because of her immigration status; the position remained vacant until filled by a male in February 2018.[14]

On February 6, 2016, Plaintiff supplemented her EEOC Charge of Discrimination to include her termination along with her earlier

---

[9] See id. ¶ 9.

[10] See id. ¶ 11.

[11] See id. ¶¶ 12-15.

[12] See Doc. 50-2, Ex. A to Def.'s Mot. for Summ. J., Decl. of Christina Robertson ¶ 4.

[13] See Doc. 50-2, Ex. A-2 to Def.'s Mot. For Summ. J., Termination Letter.

[14] See Doc. 50-2, Ex. A to Def.'s Mot. for Summ. J., Decl. of Christina Robertson ¶ 8.

complaints of discriminatory treatment.[15]  Plaintiff claimed that the proffered reason for her termination, unsatisfactory job performance, was a pretext for religious and gender discrimination and in retaliation for filing the EEOC charge.[16]

After an initial round of dispositive motions,[17] Plaintiff's claims of religious and gender discrimination, and retaliation survived.[18]  Plaintiff's termination was found to be the only adverse employment action redressable by Title VII and the EEOC charge was her only protected activity.[19]

## II. Plaintiff's Motion for Silent Scream

Pending before the court is Plaintiff's Motion for Silent Scream.  TAMU did not respond to this motion.  The only relief sought that could be discerned from Plaintiff's stream-of-conscious briefing was a request "for more time for whatever I am supposed to do next."[20]

The Local Rules for the Southern District of Texas state that "failure to respond [to a motion] will be taken as a representation of no opposition."  L.R. 7.4.  The non-moving party has twenty-one

---

[15]   See Doc. 1-1, Charge of Discrimination p. 7.

[16]   See id.

[17]   See Doc. 43, Ord. Dated Feb. 6, 2019.

[18]   42 U.S.C. §§ 2000e-2000e-17.

[19]   See Doc. 43, Ord. Dated Feb. 6, 2019 pp. 4-5.

[20]   See Doc. 51, Pl.'s Mot. for Silent Scream p. 6.

days to file a response before the lack of response is considered a lack of opposition.[21] Even if a party fails to oppose a dispositive motion, the court will not grant the motion without carefully considering the movant's arguments. Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985).

This motion was filed on July 29, 2019.[22] Two orders granting extensions of time were entered after Plaintiff filed her Motion for Silent Scream, and over six months has passed since the motion was filed. This motion is **DENIED AS MOOT**.[23]

### III.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 504 (5th Cir. 2014). A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. v. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001). "Where the record taken as a whole

---

[21] See L.R. 7.3, 7.4.

[22] See Doc. 51, Pl.'s Mot. for Silent Scream.

[23] See Doc. 53, Ord. Dated Aug. 7, 2019; Doc. 57, Ord. Dated Aug. 12, 2019.

could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Coastal Agricultural Supply, Inc., 759 F.3d at 504 (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. See id. at 505 (quoting Celotex Corp., 477 U.S. at 323). If the movant carries its burden, the nonmovant may not rest on the allegations or denials in the pleading but must respond with evidence showing a genuine factual dispute. See id.

The court must grant summary judgment if, after an adequate period of discovery, the nonmovant fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. The nonmovant's evidence must be accepted as true and all justifiable inferences drawn in her favor. Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A., 759 F.3d 498, 505 (5th Cir. 2014)(quoting Anderson, 477 U.S. at 255). Courts give pro se litigants more generous standards in their filings, but the pro se litigant still must use more than unsworn assertions as summary judgement evidence. Gordon v. Watson, 622 F.2d 120, 123 (5th Cir.1980).

6

**IV. Defendant's Motion for Summary Judgement**

Plaintiff's remaining claims are Title VII claims for religious discrimination, gender discrimination, and retaliation. Title VII prohibits employers from "discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). In the absence of direct evidence, as is the case here, courts analyze discrimination and retaliation claims under the burden-shifting approach first articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) [hereinafter McDonnell Douglas], and modified in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003), and Rachid v. Jack In The Box, Inc., 376 F.3d 305 (5th Cir. 2004). Under this "modified McDonnell Douglas approach," a plaintiff may trigger a presumption of discrimination by establishing a prima facie case. Rachid, 376 F.3d at 312.

After a plaintiff has established a prima-facie case, the burden shifts to the defendant to proffer legitimate, nondiscriminatory reasons for its actions. Alkhawaldeh v. Dow Chem. Co., 851 F.3d 422, 426 (5th Cir. 2017). If the defendant satisfies this burden, "the burden shifts back to the employee to demonstrate that the employer's proffered reason is a pretext for discrimination." Id. At the summary judgment stage, the plaintiff must produce some evidence "demonstrating that discrimination lay

at the heart of the employer's decision." Price v. Fed. Express Corp., 283 F.3d 715, 720 (5th Cir. 2002). In certain circumstances, evidence that an employer's proffered reason is false may be enough to raise a fact issue on pretext if the jury could infer from the falsity of the explanation that discrimination was the real reason. See Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147-48 (2000); Wal-Mart Stores, Inc. v. Canchola, 121 S.W.3d 735, 740 (Tex. 2003)(stating that, even if the proffered reason is false, the plaintiff's evidence must indicate that discrimination was the real reason).

Defendant argues that Plaintiff's discrimination claims fail because she cannot show a prima facie case of religious or gender discrimination and cannot rebut Defendant's legitimate, nondiscriminatory reason for Plaintiff's termination.[24] Plaintiff contends that the restructure of her department was a pretext for discrimination.[25] And, but for the religious and gender discrimination and the retaliation, Plaintiff argues that she would still be employed.[26]

### A. **Religious Discrimination**

A prima facie case of religious discrimination requires a plaintiff to show that: "(1) she held a bona fide religious belief,

---

[24] See id.

[25] See Doc. 55, Aff. of Kamme O ¶ 15.

[26] See Doc. 54, Pl.'s Resp. to Def.'s Mot. for Summ. J. p. 2.

8

(2) her belief conflicted with a requirement of her employment, (3) her employer was informed of her belief, and (4) she suffered an adverse employment action for failing to comply with the conflicting employment requirement." Davis v. Fort Bend County, 765 F.3d 480, 485 (5th Cir. 2014)(internal quotation marks omitted)(quoting Tagore v. United States, 735 F.3d 324, 329 (5th Cir. 2013)).

Plaintiff states that she was fired because she "knows God's real" and that she shared her near-death experience.[27] However, when pressed, Plaintiff could not remember if she told Kale or other management personnel of her religious beliefs.[28] She could not remember if any supervisor made disapproving remarks about her religious beliefs.[29] In Plaintiff's affidavit filed in response to Defendant's motion for summary judgment, there is no mention of religion, religious beliefs or religious discrimination until the second to last paragraph where Plaintiff commented that "knowing God is REAL, while employed at the State University, Texas A&M has turned out to be a traumatic experience for me."[30]

Plaintiff has not presented sufficient evidence to raise a prima facie case of religious discrimination. Even if the court

---

[27] See Doc. 50-4, Ex. C to Def.'s Mot. for Summ. J., Dep. of Kamme O, p. 57:5-7, 57:19-20.

[28] See id. p. 58:1-4.

[29] See id. p. 73.

[30] See Doc. 55, Aff. of Kamme O ¶ 15.

9

were to assume that Plaintiff had raised a prima facie case, Defendant has proffered a legitimate, nondiscriminatory performance-based reason for Plaintiff's termination. Plaintiff has failed to proffer evidence that Defendant's reason was pretextual or that the motive behind her termination was based on her belief that God is real. For these reasons, summary judgment should be **GRANTED** in favor of Defendant on Plaintiff's Title VII religious discrimination claim.

## B. Gender Discrimination

A prima facie case of gender discrimination requires the plaintiff to show that she: (1) is a member of a protected class; (2) was qualified for her position; (3) suffered an adverse employment action; and (4) was replaced by someone who is not a member of the protected class to which the plaintiff belongs or was treated less favorably than similarly situated employees of a different protected category. Haire v. Bd. of Supervisors of La. State Univ., 719 F.3d 356, 363 (5th Cir. 2013).

Only ultimate employment decisions are actionable in discrimination cases. McCoy v. City of Shreveport, 492 F.3d 551, 560 (5th Cir. 2007). In a termination case, a plaintiff must identify a similarly situated employee who was treated differently. Abarca v. Metro. Transit Auth., 404 F.3d 938, 941 (5th Cir. 2005). An employee is similarly situated if that employee worked under "nearly identical" circumstances. Okoye v. Univ. of Tex. Houston

Health Sci. Ctr., 245 F.3d 507, 514 (5th Cir. 2001). "Employees who have different work responsibilities or who are subjected to adverse employment action for dissimilar violations are not similarly situated." Lee v. Kansas City S. Ry. Co., 574 F.3d 253, 259-260 (5th Cir. 2009). A plaintiff's subjective beliefs of discrimination are insufficient to create an inference of discrimination. Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 313 (5th Cir. 1999).

It is undisputed that Plaintiff was in a protected class, that she was qualified for her position, and that she suffered an adverse employment action. Defendant only challenges Plaintiff's inability to identify a similarly situated co-worker who was treated differently with regard to evaluations or terminations.[31] In response to this argument, Plaintiff claims that a previous supervisor mentored males but not her.[32] She also complains that she was bullied by an former supervisor and that her present supervisor, Kale, yelled at her about her job performance in a November 2015 meeting.[33] Plaintiff's argument misses the point because the discrimination must relate to her termination. Plaintiff does not proffer evidence of a specific coworker who was

---

[31] See Doc. 50, Def.'s Mot. for Summ. J. p. 11.

[32] See Doc. 55, Pl.'s Aff. of Kamme O ¶ 12.

[33] See. id. ¶¶ 10, 11. See also Doc. 30, Pl.'s Resp. to Def.'s Mot. to Dismiss where Plaintiff outlined in more detail her complaints about her work environment. After reviewing this information, the court dismissed many of Plaintiff's complaints. See Doc. 43, Ord. Dated Feb. 6, 2019.

supervised by Kale (or the previous supervisor), and who had similar performance issues but who was not terminated.

TAMU, on the other hand, established that Plaintiff was originally replaced by another female, a fact Plaintiff did not contest.[34] There is no conflicting evidence of material fact to create a question for a jury. Plaintiff needed to proffer specific evidence of a nearly identical employee who was treated differently, not her subjective belief that she was a victim of discrimination. Lawrence, 163 F.3d at 313. For these reasons, Plaintiff has failed to establish her prima facie case of gender discrimination. Even if Plaintiff had established her prima facie case, she has presented no evidence that rebuts Defendant's performance-based reason for her termination. Accordingly, Defendant's Motion for Summary Judgement should be **GRANTED**.

## C. Retaliation

Under Title VII's anti-retaliation provision an employer is forbidden from discriminating against an employee because she has participated in a protected activity under Title VII. 42 U.S.C. § 2000e-3(a); Crawford v. Metro. Gov't, 555 U.S. 271, 274 (2009). To establish a prima facie case of retaliation, a plaintiff must show that (1) she engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between

---

[34] See Doc. 50-2, Ex. A of Def.'s Mot. for Summ. J., Decl. of Christina Robertson ¶ 8.

the protected activity and the adverse action. Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013).

A protected activity includes filing a complaint with the EEOC. 42 U.S.C. §2000e-3(a). In a Title VII retaliation action, to meet the third element, a plaintiff has to establish "but for" causation and not merely that the complaint was a motivating factor. Brandon v. Sage Corp.,808 F.3d 266, 270 (5th Cir. 2015). "Temporal proximity must generally be 'very close'" to establish a causal connection. Feist v. La. Dep't. of Justice, Office of the Att'y. Gen., 730 F.3d 450, 452 (5th Cir. 2013). An employer's departing from standard termination procedures or an employment record that does not support termination may also be used as evidence to support a retaliation claim. Id.

Defendant contends that Plaintiff cannot establish that TAMU would not have fired her but for her filing the EEOC complaint.[35] Defendant argues that more than six months between a protected activity and an adverse action is insufficient to establish but for causation.[36] Additionally, TAMU argues that it has proffered a legitimate, nondiscriminatory reason for terminating Plaintiff's employment.[37]

The only protected activity Plaintiff engaged in was the

---

[35] See Doc. 50, Def's Mot. for Summ. J. p. 3.

[36] See id. p. 13.

[37] See id. pp. 13-14.

filing of her EEOC complaint on June 17, 2015. In January 2016, Kale recommended Plaintiff's termination, and on February 12, 2016, Plaintiff was terminated. The temporal proximity between Plaintiff's EEOC complaint and termination alone is insufficient to establish causation for her retaliation claim. See Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)(holding that to establish a causal link between the protected activity and the materially adverse action by mere temporal proximity, the proximity must be "very close" and citing to cases where three and four months was found to be insufficient).

Despite filing a large amount of exhibits, Plaintiff has pointed to no summary judgment evidence that would support a finding of a causal link between her protected activity and her termination. Plaintiff believes that the entire restructuring of the department was pretext to fire her, but points to no evidence supporting this belief. And, Plaintiff admits that the decision to restructure was made a month before she filed the EEOC complaint.[38] Therefore, the restructuring could not have been in retaliation to Plaintiff's EEOC complaint as she had not yet filed it. As the temporal proximity between Plaintiff's EEOC complaint and termination does not establish a fact issue on causation and Plaintiff has failed to point to other evidence supporting causation, Plaintiff has failed to raise a prima facie case of

---

[38] See Doc. 55, Pl.'s Aff. of Kamme O ¶ 29.

14

Title VII retaliation.

Even if Plaintiff had raised a prima facie case, TAMU has offered a legitimate, non-retaliatory reason for terminating her employment, poor job performance, even after Plaintiff was given written job performance expectations, attended monthly supervisory meetings and was put on a Personnel Corrective Action Template. Plaintiff has not provided any legally sufficient evidence that her poor job evaluations were a pretext for her termination or that she was fired because of her EEOC complaint.

## IV. Conclusion

Based on the foregoing, the court **RECOMMENDS** that Defendant's Motion for Summary Judgment be **GRANTED** and **DENIES AS MOOT** Plaintiff's Motion for Silent Scream.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 14th day of January, 2020.

_____
Nancy K. Johnson
United States Magistrate Judge